Yates, J.,
delivered the opinion of the court. The declaration of the plaintiffs, contained in their letter to C. JY. Bernent, of the 27th of April, 1816, that they had observed their partnership was dissolved, and that they were perfectly satisfied that he had assumed the payment of their debt, cannot be considered as a discharge of the firm of R. ⅝- B., so as to confine the remedy of the plaintiffs to B. alone; nor does it appear that it was so understood at the time. The payment of one hundred dollars made on the 13th of August, contradicts such a construction. When he sent the money, he requested the plaintiffs to place it to the credit of the late firm of R. fy. B. The receipt given when the note was taken also show's that this wras the understanding. This receipt expressly mentions that the note, when paid, is to be placed to the credit of the late firm, evidently retaining the parties who contracted the debt originally, and continuing their liability until the note should be paid #off; it was, therefore, the duty of R. to see that B. complied with the engagement made with him, as to the payment of this debt; and that the plaintiffs, knowing of this arrangement, are not, on that account, to be considered in default, for omitting to call on II.. until B.’s insolvency. It wa< the particular duty of R. to guard against such an event, by causing the debt to be paid by B., without delay ; but there appears to have been no interference on his part; and it is probable that his misplaced confidence in his former partner made him easy on the subject. There certainly can be no reason why the plaintiffs, or those beneficially interested under them, should suffer by his negligence. There must be judgment for the plaintiffs for 586 dollars, the amount of balance due on the note, with interest until this term, on the plaintiff’s filing the note given by C. N. B. to them with the clerk of this court, to be canceled.