## Case No. 6,123.

HARRIS et al. v. LINDSAY.

[4 Wash. C. C. 98.] [1]

Circuit Court, E. D. Pennsylvania. April Term, 1821.

### NOVATION—PARTNERSHIP.

Lindsay and Tomlinson were indebted to the plaintiffs, and on the dissolution of the partnership it was agreed that Tomlinson should retain the funds and pay the debts of the firm. Tomlinson afterwards entered into another partnership, and the plaintiffs gave credit to the new firm, which was afterwards dissolved, and at the time of the dissolution, was also indebted to the plaintiffs. It was then agreed that the debts of Lindsay and Tomlinson, and the new debt, should be consolidated; and the whole sum, thus ascertained, was made payable in three promissory notes given by Tomlinson to the plaintiffs, none of which corresponded in amount with the debt of Lindsay and Tomlinson. On the non-payment of the notes, this suit was instituted against Lindsay and Tomlinson. *Held*, the partners cannot by any agreement between them affect the rights of their creditors. But when the plaintiffs, with a full knowledge of such agreement, entered into a totally new contract with the paying partner, entirely changing the nature of the partnership debt, and making it a different debt from that which the retiring partner was bound to pay, and to subject him to a different kind of responsibility; such new contract discharged the defendant Lindsay, and amounted to an acceptance of Tomlinson as the debtor.

[Cited in Mutual Safety Ins. Co. v. Cargo of The George. Case No. 9,981; Regester v. Dodge, 6 Fed. 14.]

[Cited in Tyner v. Stoops. 11 Ind. 31; Bantz v. Basnett. 12 W. Va. 792. 857; Smith v. Shelden, 35 Mich. 44; Hall v. Johnston, 6 Tex. Civ. 110, 24 S. W. 865.]

Action of assumpsit to recover from the defendant $2,091, the balance of an account due from the former co-partnership of Lindsay and Tomlinson. The facts of the case, as opened and proved by the defendant's counsel, were as follow: Lindsay and Tomlinson entered into partnership some time in October, 1815, under the firm of Lindsay and Tomlinson, and after contracting with the plaintiffs the debt in question, they dissolved

[1] [Originally published from the MSS. of Hon. Bushrod Washington. Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

their connection, some time in January, 1816, upon the terms that Tomlinson should retain the partnership funds, and pay all the debts due from the concerns. Immediately after the dissolution of this co-partnership, Tomlinson entered into partnership with some other person under the firm of Jessy Tomlinson & Co. with whom the plaintiffs had dealings, leaving a balance in their favour of $546, due in April, 1816, when that partnership was dissolved. In the same month, the partnership of Tomlinson and Chambers was formed, which continued until September following, when it was dissolved, being indebted to the plaintiffs in a balance of $3,010. Soon after the dissolution of the co-partnership of Lindsay and Tomlinson, the latter informed the plaintiffs of that event; that he had bought his partner out, and was to pay the debts due by the concern. In September, 1816, after the termination of the co-partnership of Tomlinson and Chambers, an arrangement took place between the plaintiffs and Tomlinson, in consequence of which the above balances, due by Lindsay and Tomlinson, Jessy Tomlinson & Co. and Tomlinson and Chambers, were consolidated into one sum, amounting to about $5,647, for which Tomlinson gave three notes payable in forty, ninety, and one hundred and twenty days, dividing the aggregate amount into three sums, neither of which answered to the balance due from either of the above concerns. The plaintiffs gave their receipt to Tomlinson for these notes, by which they agreed to pass the same to his credit, when they should be paid. Tomlinson having become insolvent, this action was brought against him and Lindsay; but the process was served only on the latter. Upon these facts, it was contended by the defendant's counsel, that the plaintiffs accepted Tomlinson as their debtor, and discharged Lindsay. That as between Lindsay and Tomlinson, the former was surety and the latter principal; and this being known to the plaintiff, who treated Tomlinson as the principal, by taking his own note for what was due, he discharged Lindsay by consolidating the three balances, and giving time for the payment without his consent, and without reserving his recourse against Lindsay. The credit in fact is given exclusively to Tomlinson. Evans v. Drummond, 4 Esp. 89; Reed v. White, 5 Esp. 122; Bedford v. Deakin, 2 Starkie, 178; 2 Johns. Cas. 228. The plaintiff's counsel insisted, that no agreement between co-partners, similar to that which took place between Tomlinson and Lindsay, can in any manner affect the rights of their creditors, or exonerate either from his responsibility to pay the debts, unless he is expressly discharged. That the circumstance of a creditor giving time to the partner who has the funds, and is to pay the debts, cannot amount to an implied discharge; as indulgences of this kind are always expected, and often absolutely necessary. The permission to grant them there-fore without producing the effect contended for, is always implied by such an arrangement between the parties as was made in this case. The cases cited are unlike the present.

Mr. Sergeant, for plaintiffs.
Mr. Binney, for defendant.

WASHINGTON, Circuit Justice (charging jury). It is certain that the rights of creditors cannot be altered by any private agreement, which the partners may choose to make with each other when they dissolve their connection. Although the partnership effects are by such agreement to be retained exclusively by one of the partners, who is also to discharge the debts, the recourse of the creditors against the retiring partner remains unchanged, unless by some positive act, which directly, or by a fair inference, amounts to an agreement to discharge him. An indulgence granted by a creditor would not amount to such an agreement. Nor are we prepared to say that even by forbearing to sue, an express agreement to renew the notes of the co-partnership, by accepting those of the paying partner, would discharge the other partner. As to this, we are not called upon in this case to express an opinion. But if, with a full knowledge of the agreement between the partners, that one is to retain the effects and pay the debts, a creditor shall enter into a totally new contract with such partner, by which the nature of the partnership debt is totally changed, so as to become a different debt from that which the retiring partner was bound to pay, or such as to subject him to a different kind of responsibility; such new contract will amount to an acceptance, by the creditor, of the paying partner as his debtor, and to a discharge of the other. That is precisely the present case. The plaintiffs, with full knowledge of the agreement between Tomlinson and the defendant Lindsay, continued to deal with, and to give credit to, the two subsequent co-partnerships of Jessy Tomlinson & Co. and Tomlinson & Chambers; and after the termination of the last of these co-partnerships, they entered into a new contract with Tomlinson, by which they agreed to consolidate the balance due by the three concerns into one sum, and to receive Tomlinson's notes for the aggregate amount, divided into three parts, neither of which answered to the balance due by either house, and to pass the said notes to the credit of Tomlinson alone, when the same should be paid. It was then so contrived by this new arrangement, to which Lindsay was no party, nor had given his assent, that until all the notes, representing the entire aggregate amount of the three balances (for two of which he was not liable) were paid, Lindsay could never plead payment of the balance due by Lindsay and Tomlinson, even although a larger sum than that due by them should have been

paid by Tomlinson, out of the very funds retained by Tomlinson for that purpose. So entire a change of the debt, and of Lindsay's responsibility, operates to extinguish the partnership debt and to discharge Lindsay, as effectually as if Tomlinson had given his bond to the plaintiffs for the same.

Verdict for defendant.

[A rule for a new trial was discharged in Case No. 6,124.]