CALEB CHASE & al. *versus* ELLIOT G. VAUGHAN.

A copartnership firm was dissolved, upon an agreement that one of the members should assume and pay the company debts. A creditor, on being afterwards informed of the arrangement, replied that he was satisfied with it. *Held*, that reply was not evidence, from which the jury could find that he had discharged the other member of the firm.

A parol contract to discharge one of two joint debtors, if made without consideration, cannot be enforced. — Per HOWARD, J.

HOWARD, J. — Vaughan & Brown were partners, when the plaintiff's claim accrued, and were jointly sued, but Brown

having become a certified bankrupt, the suit was discontinued as to him.

The defence is placed upon the ground, that the plaintiffs have released Vaughan, and agreed to look to Brown individually for their claim.

Brown & Vaughan dissolved partnership soon after they became indebted to the plaintiffs, and it was agreed between them, that Brown should take the effects of the firm and pay their debts. The fact, and terms of the dissolution were communicated to the plaintiffs by Brown, who asked them if it was satisfactory, and they, upon being informed that the firm had not had trouble, said that it was satisfactory to them. But Brown, who was introduced as a witness at the trial, states, " that he never asked the plaintiffs to release Vaughan, and they never said that they would release Vaughan; that he never offered the plaintiffs his private note for the debt of the firm to them, and they never said they would look to him alone for payment of the debt, and that he did not know as he ever asked them to do so."

This is all of the direct evidence in the case, tending to prove the discharge of the defendant, but other evidence and circumstances less direct were introduced and submitted to the jury.

Upon a careful examination of the whole evidence, we are compelled to say, that there is no proof of any contract to discharge the defendant, and that the jury could not legally infer any agreement to that effect, from the facts and circumstances proved.

But if the evidence before us were sufficient to prove such contract, it must have been without any consideration, and could not have furnished a defence to the action. *Jenness* v. *Lane*, 26 Maine, 475 ; *Smith* v. *Bartholomew*, 1 Metc. 276; *Wildes* v. *Fessenden*, 4 Metc. 12; *Smith* v. *Rogers*, 17 Johns. 340 ; *David* v. *Ellice*, 5 B. & C. 196; *Lodge* v. *Dicas*, 3 B. & A. 611 ; *Cole* v. *Sackett*, 1 Hill, 517.

The exceptions are not considered, as the plaintiffs are entitled to a new trial upon their motion.