## UMBARGER *vs.* PLUME & BURGOYNE.

In 1853 the plaintiff deposited a sum of money with the defendants, taking from them a certificate of deposit, stating that the money was payable to his order on the return of the certificate with his indorsement thereon. In December, 1853, the partnership between the defendants was dissolved. The business was continued by B. one of the firm, who published a notice in the newspapers, that he would pay all the certificates of deposit of the late firm. There was no proof that the plaintiff ever saw, or heard of, the notice. He did not present his certificate until September, 1855, when he presented the same, and demanded payment. *Held* that the defendants were not discharged from their liability by the omission of the plaintiff to present the certificate in accordance with the notice.

*Held also*, that the plaintiff could recover upon the certificate, without having previously indorsed it.

IN 1853 the defendants, Plume & Burgoyne, were in business together as bankers in San Francisco, in California. On the 14th of October, 1853, the plaintiff deposited with them $1300, and received from them a memorandum to that effect, or as it is called a certificate of deposit, which stated the fact of such deposit, and that the sum was payable to his order on the return of that certificate with his indorsement thereon. In December, 1853, the copartnership was dissolved, the defendant, Burgoyne, continuing the business. Immediately upon such dissolution, the defendant, Burgoyne, published a notice in all the papers in San Francisco, stating that he would pay all the certificates of deposit of Burgoyne & Co. The plaintiff did not present his certificate, and in February, 1855, failed in business. In September, 1855, the plaintiff presented the certificate to Burgoyne at the banking house of Burgoyne & Co., and demanded payment, which was refused, and the sum mentioned in it has never been paid. The cause was tried before Justice CLERKE, without a jury, and judgment rendered for the plaintiff for $1486.32, the amount of deposit and interest. The defendants appealed from the judgment.

*R. Goodman,* for the defendant Plume.

*Capron & Lake,* for the plaintiff.

*By the Court,* DAVIES, J.   We see no error in the ruling of the justice at the trial.   The plaintiff had loaned to the defendants $1300, which they were bound to repay to him on demand.   It is conceded that the money has never been paid, and the defense set up, that the defendant Plume was discharged from this debt because the plaintiff did not call on the defendant Burgoyne for it, in accordance with the notice in the San Francisco newspapers, is entirely untenable.   It is in proof that the plaintiff did not reside in San Francisco, and it does not appear that he ever saw, knew, or heard of the notice.   He was under no obligation to call for his money, if he had.

There is nothing in the objection that the plaintiff cannot recover until he has indorsed the certificate of deposit.   He doubtless would have indorsed it if it had been paid, or offered to be paid, at the time he presented it for payment. And it being now in the possession of the plaintiff's attorney, it can be delivered up to the defendants on payment of this judgment; and such payment will be an extinguishment of all liability of the defendants or either of them, in consequence thereof, and a full protection to them.

The judgment below should be affirmed, with costs.

[NEW YORK GENERAL TERM, November 2, 1857.   *Mitchell, Davies* and *Clerke,* Justices.]