VERNAM, appellant, v. HARRIS *et al.*

*Payment— when promissory note is not. Partnership — liability of partner after dissolution.*

The taking of a promissory note from one of two joint debtors does not satisfy the debt unless it is so agreed.

A partnership between A and B was dissolved upon the agreement that B should assume the debts of the firm. Subsequently C took B's promissory note for a debt of the firm, with knowledge of the terms of the dissolution but stating that if the note was not paid he "would hold the firm." The note was not paid, and in an action against A and B for the debt, C produced the note and offered to return it. *Held*, that C could recover against both A and B. In such a case A does not stand in the position of surety.

APPEAL from a judgment entered on the report of a referee against plaintiff, and in favor of defendant Harris. The action was brought by John R. Vernam against Samuel Harris and Charles Crocker. The opinion states the case.

*Drake & Halsey* and *Cassidy & Brown*, for appellant.

*H. H. Hustis*, for respondent.

TAPPEN, J. The plaintiff brought this action to recover $137, for a bill of goods alleged to have been sold to defendants.

The answer avers the dissolution of the defendants' firm of Harris & Crocker, on the 10th of June, 1871; that Crocker paid the debt sued for by cash and a note which plaintiff accepted in settlement.

At the trial, it appeared that the note in question was the note of Crocker only, made after the dissolution of defendants' firm and accepted by plaintiff from Crocker. The plaintiff testified, I told him I would take it, and if paid it would be in full, if not paid I would hold the firm.

The note was. not paid. Plaintiff produced it at the trial and offered to return it. The testimony is corroborated by other witnesses and no other testimony was offered which established any other version of the affair. It appeared by the testimony that the plaintiff was apprised of the dissolution of defendants' firm, and that Crocker had assumed the debts ; it further appeared that both defendants some time afterward joined in a general assignment for the benefit of creditors.

The referee held, that the agreement between the two defendants made Harris, who defends this action, a surety as between them ; that plaintiff, with knowledge of the fact of this agreement, by accepting Crocker's note and giving time, discharged Harris, and he ordered judgment in favor of plaintiff as to Crocker, and against the plaintiff as to Harris.

The contrary rule was held in a similar case (*Smith* v. *Rogers*, 17 Johns. 340), and it is said in *Waydell* v. *Luer*, 3 Den. 410, that the taking of a note from one of two joint debtors does not satisfy the debt unless it be so agreed. *Van Eps* v. *Dillaye*, 6 Barb. 252; *Bates* v. *Rosekrans*, 37 N. Y. 410.

The rule that a surety is discharged by the giving of time to the principal may be conceded without, however, its entering into the determination of this case. The defendants, Harris and Crocker, were both principals. Harris sold out to Crocker with an agreement that Crocker should pay the firm debts.

Crocker attempted to pay the firm debts by giving the plaintiff his note at thirty days, which note was not paid; the express condition on which plaintiff took the note is not disputed, *i. e.*, that the firm should be held if the note was not paid.

The original liability of Crocker & Harris for their debts as partners, and their responsibility to creditors, continued after a dissolution of their partnership. How then is Harris exonerated? Crocker said to the plaintiff: "I have agreed to pay the firm debts, will you take my note?" The plaintiff conditionally accepts the note at thirty days; hence the referee has found that Harris was a surety, that plaintiff sold with knowledge thereof, and that the extension of time to pay the debt operates to discharge Harris.

The defendant relies on *Colgrove* v. *Talman*, 2 Lans. 102, but the only point decided by that case is, that the note there sued on was actually paid.

The distinction is taken in *Bates* v. *Rosekrans*, above cited,

between a security taken as a present payment, and that taken as a provision for future payment. In that case, the defendant and one Bingham had jointly given their note to the plaintiff, and upon its non-payment at maturity the plaintiff took a new note from one of the defendants above, retaining however the note which had become dishonored.

While this case is not directly in point as to the exact question involved, yet that question was the feature in *Smith* v. *Rogers*, above cited.

A creditor of a dissolved firm with knowledge of the dissolution, and that one partner had assumed the debts, accepted that partner's note; he became insolvent and the creditor sued the firm for the original debt. "Held, that neither the acceptance by the plaintiffs of the note of one partner, nor the indulgence shown him, amounted to a payment or discharged the other partner; but that plaintiff was entitled to recover of both partners the balance due for the original debt, on delivering up the note to be canceled." "It was the duty of one partner to see that the other partner complied with the engagement made with him, as to the payment of the debt ; and the plaintiffs knowing of this arrangement are not on that account to be considered in default for omitting to call on one partner until the insolvency of the other partner whose note plaintiff had taken." A debt is not paid by a new promise unless it be so stipulated. The note in suit was simply a further security liquidating a book account. Harris himself had no knowledge that it was given by his former partner, and neither any new right nor equity accrued to him. In *Cole* v. *Sackett*, 1 Hill, 516, a firm dissolved, one partner assumed the debts, and the creditor took the note of this one partner and gave up the note of the firm. The note so taken being unpaid, the creditor sued the firm for the original debt, and the court, COWEN, J., held that these facts constituted no defense, and various authorities are there cited to sustain these views.

The weight of authority and the "*reason for the law,*" appear to be in favor of plaintiff, and that defendant Harris, as an original debtor, is not exonerated from his liability, there being no agreement to that effect.

The judgment as to Harris should be reversed, and a new trial ordered as to him, costs to abide event.

*Judgment accordingly.*