AIKEN v. THOMPSON ET AL.

1. **Partnership:** LIABILITY OF PARTNER: EVIDENCE. A and B were partners, and upon the dissolution of the firm, B retained the assets and agreed to pay the debts of the firm; A alleged that by an agreement between him and the agent of the creditor, a judgment rendered against the firm was to be in his control for the purpose of collecting it from the property of B: *Held*, that A had the burden to sustain the agreement and that, under the facts of the case, A's property would be liable for the satisfaction of the judgment.

*Appeal from Winnesheik District Court.*

WEDNESDAY, JUNE 14.

IN 1870, plaintiff and one Wm. Bones were partners in a mercantile business in the town of Decorah, Iowa. They dissolved this partnership in 1871, by mutual consent, being indebted to a large amount, amongst which was a balance of $850 and interest on a note executed to Kent National Bank, by Aiken & Jones with Henry Paine ˄d C. E. Dickerson, sureties. Upon the dissolution of the partnership Bones retained the principal portion of the stock of goods and of the notes and accounts, and agreed to pay the indebtedness of the firm and to hold Aiken harmless on account thereof.

Bones removed the stock of goods to Cresco, Howard county, and formed a partnership with Stephen Niles. The note to Kent National Bank was sent to Henry Paine for collection. At the request of Aiken. Paine allowed him to have the note for the purpose of putting it in judgment, and judgment was obtained thereon, at the expense of Aiken, against Aiken & Bones. Aiken caused execution to be issued upon this judgment, and to be levied upon the interest of Bones in the stock of goods in possession of Bones & Niles, in Cresco, a part of said stock being the goods originally owned by Aiken & Bones. Paine, the agent of the Kent National Bank, caused the execution to be returned.

On the 16th day of May, 1873, execution was issued on the judgment against A. A. Aiken and Wm. Bones in favor of said bank, and it was levied upon property of Aiken. Bones

is dead and his estate is insolvent. The stock of goods which was in the hands of Bones & Niles has been disposed of by the bankruptcy court.

Aiken brings this action to restrain the sale of his property to pay the judgment, claiming that it was agreed between him and Paine that he should control the judgment, that he had procured a levy upon property sufficient to satisfy the judgment, and that by the return of this execution and the discharge of the levy, he has been released from further liability. Upon the final hearing the petition was dismissed. Plaintiff appeals.

*John T. Clark & Co.*, for appellant.

*Willett & Wellington*, for appellee.

DAY, J.—The whole case depends upon the determination of a simple question of fact. The plaintiff claims that he was to be allowed the sole control of the judgment, to the end that he might enforce its collection out of the property of Bones. Upon the other hand Paine, the agent of the Bank, with whom the arrangement was made, contends that he never surrendered control of the judgment, but that he simply permitted Aiken to have judgment recovered in order that he might enforce payment of one-half the debt from Bones; Aiken contending that, unless judgment was obtained, Bones would pay nothing. Respecting this question the burden of proof is upon the plaintiff. Each member of the court has separately read the abstract, and, from such reading has individually reached the conclusion that the plaintiff has failed to sustain the allegations of his petition.

A review of the testimony would subserve no useful purposes. The unwillingness of Paine to pursue the execution as against Bones, is explained by the fact that such a course promised to be attended with much expense and delay, and possibly to be in the end fruitless. We unite in the opinion that the petition was properly dismissed.

AFFIRMED.