[No. 111. Decided December 3, 1890.]

WILLIAM WADHAMS v. ALFRED PAGE AND JOSEPH GREEN.

PARTNERSHIP—LIABILITY OF RETIRING PARTNER—NOVATION—PRE-
PONDERANCE OF EVIDENCE.

An agreement between two partners upon the dissolution of partnership that the debts of the firm shall be assumed and paid

by one of them, is of no effect as against a creditor of the firm, although notified of such arrangement, unless the creditor assents thereto; and mere silence on the part of the creditor, or delay in making demand, is not evidence of such assent.

In an action by a creditor against a retiring partner to recover a partnership debt, an answer alleging that the creditor had agreed to look to the other partner for its payment, is an affirmative defense, and, as such, must be proved by a preponderance of the evidence, and it is error to instruct the jury that "it is not necessary that he prove it by more testimony than against it."

### Appeal from Superior Court, King County.

Action by William Wadhams, doing business under the firm name and style of Wadhams & Co., against Alfred Page and Joseph Green, partners doing business under the firm name of Page & Green, to recover a balance upon an account for goods, wares and merchandise sold and delivered by Wadhams & Elliott to defendants. Prior to trial, the firm of Wadhams & Elliott assigned in writing all their accounts and claims to William Wadhams, the appellant herein. The facts appear in the opinion.

*Thomas Burke* (*Andrew Woods,* of counsel), for appellant.

*Lewis & Gilman,* for appellees.

The opinion of the court was delivered by

DUNBAR, J.—This was an action by plaintiff and appellant to recover a balance alleged to be due from defendants and appellees on account amounting to $203.43, with interest thereon at the rate of ten per cent. per annum from the 3d day of April, A. D. 1884. Service of summons was had only on defendant Joseph Green. The defendant Green, for an affirmative defense, alleged that on the 23d day of February, A. D. 1884, he and one Alfred Page were doing business under the firm name of Page & Green; that on about the 3d day of April, 1884, they dissolved partnership; that at said time there was due Wadhams & Elliott

about the sum of $203.00; that the said Page continued to run and manage the said business of the said partnership; that the said Page was to pay the said Wadhams & Elliott the said amount due said firm; that Wadhams & Elliott were notified of said dissolution; that they accepted the said Alfred Page for the said indebtedness due them from said firm of Page & Green, and transferred the account of Page & Green to the said Alfred Page, and held the said Page only for the said amount of indebtedness, and did then and there release the defendant Green from any obligation or indebtedness due to plaintiffs by the said firm of Page & Green. The affirmative matter in defendant's answer was denied in plaintiff's reply. Payment of the said indebtedness was also alleged in the answer, but no attempt was made to prove the payment on the trial, except as stated in the affirmative answer. The jury found a verdict in favor of defendant; judgment was rendered in accordance therewith, and from said judgment plaintiff appeals to this court, also alleging certain errors in the instruction of the court.

While a "novation" was pleaded as an affirmative defense in this action, there was no proof tending to show that Wadhams & Elliott had ever, by express or implied contract, agreed to extinguish defendant Green's liability by substituting or accepting Page as the payer of the debt incurred by the partnership of Page & Green. It is true that the testimony of Green showed that it was agreed between Page and Green that Page should assume this debt and that Green should be discharged; and that Wadhams & Elliott were notified of the dissolution and of the agreement between Page and Green. But the promise of one partner to pay the debt of another for which he is already bound is no consideration for an agreement to release the other partner. *Early v. Burt,* 68 Iowa, 716; *Wildes v. Fessenden,* 4 Metc. 12.

In order to give any weight to an agreement whereby

liabilities are extinguished, it is essential that all parties in interest should be parties to the agreement. It would certainly be a loose and unjust law that would allow obligations to be thrown off or transferred at the will of the obligor. Such is not the law. If one partner transfers his liability to another and the creditor does not assent to the transfer, his rights are not affected. As stated by Mr. Lindley, in his excellent work on Partnership, p. 240: " It cannot be too often repeated that, merely by retiring, a partner gets rid of no liabilities as to past transactions, unless there is some statutory enactment applicable to his case; and the same observation applies to a total dissolution. To use the words of Mr. Justice HEATH, ' when a partnership is dissolved, it is not dissolved with regard to things past, but only with regard to things future. With regard to things past the partnership continues.'" Indeed, so improbable was the idea that a creditor would release a part of his security and rely on one debtor when he before had two, without taking any other security, that some of the early English courts held that where a partnership had been dissolved, one member retiring and the other continuing the business, and agreeing to pay the debts of the old firm, where the creditors knew of the arrangement and consented to it, and transferred the debt to the new firm, and where there was strong testimony outside of this fact showing that the creditors had agreed to discharge the defendant and look to the other partner, that the retiring partner was liable; and the fact that no person had become liable to the defendant, who was not so originally, was relied upon by the court as showing that there was no consideration for the alleged discharge. The most noted cases holding this doctrine were *Lodge v. Dicas*, 3 Barn. & Ald. 611, and *David v. Ellice*, 5 Barn & C. 196. But while this doctrine has been modified by the later decisions and authorities, no court that we know of has gone so far as to hold that the simple agreement between the partners that

one of them should be discharged, and notice to the creditors of said agreement, will affect the rights of the creditors, or be construed as any implied promise on the part of the creditor to discharge either partner. But the opposite doctrine has been enunciated by many courts. *Chase v. Vaughan,* 30 Me. 412; *Umbarger v. Plume,* 26 Barb. 461; *Coleman v. Pearce,* 26 Minn. 123; *Aiken v. Thompson,* 43 Iowa, 506, and cases cited; *Blew v. Wyatt,* 5 Car. & Payne, 397; *Harris v. Lindsay,* 4 Wash. C. C. 98; *Heberton v. Jepherson,* 10 Pa. St. 124; *Payne v. State,* 39 Barb. 634; *Offutt v. Scott,* 47 Ala. 104.

It is urged by counsel for appellee that the fact of silence and the long delay in making any demand is of itself evidence of acceptance of the agreement of the partners in this case. Even if the testimony bore out this assumption, silence alone on the part of the creditor is no evidence of a "novation." The failure of a creditor to demand payment for any period of time within the statute of limitations will not discharge the retiring partner. *Harris v. Lindsay,* 4 Wash. C. C. 98; *Jenness v. Lane,* 26 Me. 475; *Hall v. Jones,* 56 Ala. 493. But the testimony does not show silence on the part of Wadhams & Elliott. On the contrary, the defendant Green himself testified that after he had notified Wadhams & Elliott of the dissolution, and of his arrangement with Page, for Page to pay the debts, that Wadhams & Elliott expressly insisted that he, Green, should sign a note with Page for the payment of said debt, and that he refused to so sign. This was also sworn to by plaintiff. This, instead of indicating an acceptance of Page by Wadhams & Elliott, was a direct avowal by them that they would *not* discharge Green, and that they desired to have their account settled by the joint note of both partners, as is usual in such cases. The testimony of Wadhams also was, that he wrote several letters to Green demanding the payment of this account; and the exhibits show that for some time prior to August, 1886, he had placed the account in the hands of

attorneys for collection; and it can easily be gathered from the correspondence that the bill had been presented and payment thereof refused by the defendant. Neither was there any testimony tending to show that the account of Page & Green had been transferred to the account of Page. The only testimony on this point was the testimony of Wadhams who testified positively that all the payments that had been made on the account of Page & Green were credited on the account of Page & Green; and that the said account of Page & Green had *not* been transferred to the account of Page. In fact, we are unable to find any testimony in the case tending to show, in the least, any consent, expressed or implied, on the part of Wadhams & Elliott to discharge the defendant from his obligations. This being the case, and the amount claimed by the complaint to be due having been proven by the plaintiff to be due, and the correctness of the claim not having been denied by the defendant in his testimony, the verdict was unwarranted, and the judgment must be reversed.

It is also claimed by appellant that the court erred in instructing the jury, as follows: "It is not necessary that the defendant Green proves to you beyond a reasonable doubt that the creditors or these plaintiffs accepted Page, nor need he prove the fact by an overwhelming weight of evidence. It is not necessary that *he proves it by more testimony than against it.*" This instruction we think was error. It is almost too elementary to need repeating here, that every affirmative allegation must be proven by a preponderance of testimony. This is a general proposition; but the law especially provides that the *onus* of showing an extinguishment lies upon those who allege it. *Estate of Davis & Desauque,* 5 Whart. 530; 34 Am. Dec. 574, and cases cited; *Hall v. Jones,* 56 Ala. 493. It is urged by the appellees that the charge as a whole was correct, and the jury would not be misled; but we think this particular statement, " it is not necessary that he proves it by

more testimony than against it," couched as it was, in words which could be plainly understood by an unprofessional mind, and a proposition that the jury would probably segregate and remember, would · be liable to mislead them as to the amount of testimony necessary to establish an affirmative allegation.

The judgment is reversed, and the case remanded to the lower court with instructions to grant a new trial. And it is so ordered.

ANDERS, C. J., and STILES, HOYT and SCOTT, JJ., concur.