(112 App. Div. 299)

## BRINK v. STRATTON et al.

(Supreme Court, Appellate Division, Second Department. April 20, 1906.)

BILLS AND NOTES—PAYMENT—SUBSTITUTION OF NOTES.

Where the payee of a note signed by three persons agreed to accept in payment a note signed by only one of the signers of the original note, this agreement was based upon a sufficient consideration.

[Ed. Note.—For cases in point, see vol. 7, Cent. Dig. Bills and Notes, § 1252.]

Appeal from Orange County Court.

Action by Leander Brink against William D. Stratton and others. From a judgment for defendants, and from an order denying a motion for a new trial, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and JENKS, HOOKER, RICH, and MILLER, JJ.

John F. Bradner, for appellant.

Thomas Watts (Abram F. Servin, on the brief), for respondents.

JENKS, J. This action is upon the following note:

"$850.00                          Middletown, N. Y., July 1st, 1893.

"On demand, we or either of us promise to pay to the order of Leander Brink eight hundred and fifty dollars at his office, value received, with interest from date.

                                         "W. D. Stratton,
                                         "E. A. Brown,
                                         "Corey & Co."

Of the three makers sued, Stratton and Brown answered. The learned county judge restricted them to their defense of payment. This was based upon the contention that the plaintiff expressly agreed to accept in payment of the note in suit the following note, made by Corey & Co., who were of the makers of the first note:

"$850.00                          Middletown, N. Y., Aug. 4th, 1893.

"Three (3) months after date we promise to pay to the order of John E. Corwin eight hundred and fifty dollars, payable at the banking house of John E. Corwin, Middletown, N. Y., for value received, with interest.

                                         "Corey & Co.

"[Indorsed] Leander Brink."

The plaintiff indorsed and discounted the second note, but it was not paid by Corey & Co. The question of the express agreement between the plaintiff and Corey & Co. was submitted to the jury under instructions that, if they found it was made, and the note given and accepted thereunder, there was no liability of the defendants Stratton and Brown upon the note in suit. The jury gave its verdict for the defendants.

We think that the evidence is sufficient to sustain the verdict. The learned counsel for the appellant now first raises the question that, even if this agreement were made, the verdict cannot stand in law. Notwithstanding that the question is first raised here, I shall consider it. The argument of the learned counsel for the appellant is that the agreement was nudum pactum; inasmuch as one of several debtors simply gave his note for the note which he executed with others. This contention is accompanied with the citation of cases. Many of them are enumerated and discussed in the note to the text of Parsons on Bills and Notes (vol. 2) p. 159. The plaintiff before or on the day of the giving of the second note could have enforced the first note. Acceptance by express agreement of the second note in payment of the first note suspended the plaintiff's power to enforce the debt for three months from the date of the second note. I think that this is sufficient to support the express agreement. See Plearis v. Van Heirop, 3 Burr. 1663, 1672, 1673, approved in Seaman v. Seaman, 12 Wend. 381, which is cited in turn in 2 Kent's Com. (14th Ed.) 465; Whelan v. Swain, 132

Cal. 390, 64 Pac. 560. The plaintiff in payment of the first note, which was then due as a demand note, took the second note, whereby he forebore to enforce the debt for three months from its date. This was a different instrument from that which he held. See Thompson v. Percival, 5 B. & A. 933. Moreover, in Sheehy v. Mandeville, 6 Cranch (U. S.) 264, 3 L. Ed. 215, Marshall, C. J., says:

"That a note without a special contract would not, of itself, discharge the original cause of action, is not denied. But it is insisted that if, by express agreement, the note is received as payment, it satisfies the original contract, and the party receiving it must take his remedy on it. This principle appears to be well settled. The note of one of the parties or of a third person may, by agreement, be received in payment. The doctrine of nudum pactum does not apply to such a case, for a man may, if such be his will, discharge his debtor without any consideration."

See, too, in comment, Arnold v. Camp, 12 Johns. 410, 7 Am. Dec. 328, and Waydell v. Luer, 3 Denio, 419. We cannot inquire into the quantum of the consideration. Oakley v. Boorman, 21 Wend. 588; Ludington v. Bell, 77 N. Y. 141, 33 Am. Rep. 601. In Bates v. Rosekrans, 37 N. Y. 410, the court say:

"That the giving of a new note by one of two joint and several makers, intended as a provision for the payment of a former note, not agreed to be taken in payment, and not in fact paid, constitutes no defense to an action upon the original note, is well settled. The principle is quite familiar, and of frequent occurrence. Highland Bank v. Dubois, 5 Denio, 558; Cole v. Sackett, 1 Hill, 516; Smith v. Rogers, 17 Johns. 340."

This is recognition of the principle invoked by the defendants.

I advise affirmance of the judgment and order, with costs. All concur.