NEW-YORK, May, 1815.

PORTER v. ROSE.

## PORTER against ROSE.

THIS was an action of *assumpsit*, tried at the *Ontario* circuit, before Mr. Justice *Platt*, in *June*, 1814. The declaration contained two counts on a special agreement, and the usual money counts. The first count stated, that the plaintiff, on the 12th *November*, 1812, at *Canandarqua*, at the special instance of the defendant, agreed to buy of him; and the defendant, then and there sold, to the plaintiff, 6,000 gallons of whiskey, &c., at the price of 70 cents per gallon, &c., to be delivered by the defendant to the plaintiff, or his agent, clerk, or issuing commissary, at *Buffalo*, in manner following, that is to say, 1,000 gallons in each month, beginning the 15th *November*, 1813, and to be paid for by the plaintiff to the defendant, on the delivery thereof as aforesaid; and in consideration thereof, and that the said plaintiff, at the like special instance, &c., had then and there undertaken, and faithfully promised the defendant, to accept and receive the said whiskey, to pay him for the same, at the price aforesaid; the defendant undertook, and then and there faithfully promised the plaintiff, to deliver the whiskey as aforesaid; though the time of the delivery of the whiskey hath long since elapsed, and the plaintiff hath always been ready and willing to receive the said whiskey, and to pay for the same at the rate or price aforesaid, to wit, at *Buffalo* aforesaid. Yet the de-

In an action for the non-delivery of goods, in pursuance of an agreement, by which the defendant agreed to deliver 6,000 gallons of whiskey to the plaintiff, or his agent at B. to be paid for on the delivery thereof; it is sufficient for the plaintiff to aver that he has at all times been ready to receive the whiskey, and pay for the same at the price aforesaid, to wit, at B. without saying he was to pay at the particular time stipulated for the delivery.

Where two acts are to be done at the same time, as where one agrees to sell and deliver, and the other agrees to receive and pay, in an action for the non-delivery, it is necessary for the plaintiff to aver and prove a readiness to pay, on his part, whether the other party was at the place ready to deliver or not. And where the agreement was to deliver to the plaintiff or his agent at B, and the plaintiff was to pay the price stipulated, on the defendant's presenting the receipts for the goods, it was held that a payment on delivery was not dispensed with, if the plaintiff himself was at the place; the provision for payment, on the production of receipts, extending only to the case of a delivery to the agent of the plaintiff.

VOL. XII.  D d

NEW-YORK,
May, 1815,

PORTER
v.
ROSE.

fendant, &c. The second count was similar to the first, except that it stated the promise of the plaintiff to pay 70 cents per gallon, on receipts being presented therefor ; and the plaintiff, as in the first count, alleged that he had been, at all times, ready and willing to receive the whiskey, and pay for the same, &c. At the trial, the plaintiff proved and read in evidence, the special agreement, and also proved the price of whiskey at *Buffalo,* at the several times when the same ought to have been delivered.

The defendant proved the delivery of 2,495 gallons of whiskey, at sundry times between the 12th of *December* and the 28th of *January,* which was admitted to be all that had been delivered under the contract. The defendant's counsel moved for a nonsuit, on the ground that the undertakings were dependent, and that the plaintiff was bound to show a readiness to pay ; but the judge overruled the motion, and decided, that the plaintiff was not bound to show either an actual payment, or readiness to pay on his part. The defendant's counsel then offered to prove, that after the defendant had delivered the said whiskey to the plaintiff's agent at *Buffalo,* and which had been accepted by the plaintiff, he presented the receipts therefor to the plaintiff's agent at *Canandarqua,* who usually transacted the business, and who had the contract, and demanded payment, which was refused by the agent, for want of funds ; that apprehensions were generally entertained of the solvency of the plaintiff at this time, and that the defendant offered to proceed and perform the residue of the contract, by a delivery of the remainder of the whiskey, if he could be paid for what had been already delivered : but this evidence was overruled by the judge ; and the jury found a verdict for the plaintiff, for 516 dollars and 8 cents.

A motion was made in arrest of judgment, and also for a new trial, which were argued together.

*J. C. Spencer,* for the defendant. 1. In actions for the non-delivery of goods sold, it is necessary for the plaintiff to allege in his declaration, a payment, or a readiness, on his part, to pay the price,* at the time stipulated. Neither of the two counts in this agreement contain an averment of a readiness to pay, or tender of payment, at the time. The second count does not aver that no receipts were tendered.

1 *Chitty's Pl.* 310, 1 *East,* 203.

2. In *Morton* v. *Lamb*,[*] which was an action for the non-delivery of corn, pursuant to an agreement, the court of K. B. in *England*, held that the plaintiff must aver a performance, or a tender to perform, on his part; the delivery of the corn, and the payment of the price, being concurrent acts, to be done by the respective parties. The general allegation of a readiness to pay the price stipulated, is not enough; the plaintiff must aver also a readiness to pay at the time stipulated. The time is as material as the price. The receipts were to be produced at the time the money was paid. The acts to be performed by the parties, were to be contemporaneous and concurrent.

NEW-YORK,
May, 1815.

PORTER
v.
ROSE.

[*] 7 *Term Rep.* 125.

*H. Bleecker*, contra. 1. The first count is taken from a precedent of established authority, (2 *Chitty's Pl.* 99.)[†] and is drawn with technical and scrupulous accuracy. The plaintiff says he was, at *all times*, ready to pay. The second count contains the same averment of a readiness to pay at all times. But the agreement there stated, is, that the plaintiff was to pay, when the receipts for the whiskey were presented to him. Now the whiskey must have been delivered, before receipts could be given; and if the delivery was to precede the payment, it was a condition precedent; and if so, there is an end of the objection. Where the mutual covenants constitute the whole consideration on both sides, they become mutual and precedent conditions to each other, and the plaintiff must aver a performance on his part.[‡]

[†] 2 *Saund.* 352. n. 3.

[‡] 1 *Saund.* 320. n. 4. 1 *Chitty's Pl.* 314.

SPENCER, J., delivered the opinion of the court. On the trial, the defendant's counsel moved for a nonsuit, on the ground that the undertakings were dependent, and that the plaintiff was bound to show a readiness to pay. The judge overruled this objection, deciding, that the plaintiff was not bound to show either a readiness to pay, or the actual payment for what had been delivered.

The defendant has moved in arrest of judgment, and for a new trial. In both counts of the declaration, it is stated, that the whiskey was to be delivered at *Buffalo*; and it is averred in both counts, that the plaintiff hath, at all times, been ready and willing to receive the said whiskey, and pay for the same, at the rate and price aforesaid, to wit, at *Buffalo* aforesaid. And although it is not averred that the plaintiff was ready, &c. at the

time stipulated for the delivery, the declaration conforms to the precedent. (2 *Chitty's Pl.* 99.) An averment that he was at all times ready, necessarily relates to the time of delivery. There is no averment that the defendant did not present the receipts, and that the plaintiff was ready to pay, on their presentation. This was not necessary, because *non constat*, that receipts were given, and it was unnecessary to give them, when the delivery was to the principal himself; consequently, the motion in arrest of judgment cannot be sustained.

As to the motion for a new trial, it is fully settled in a variety of modern cases, which have disregarded the artificial and subtle distinctions of former times, and looked to the real intention and meaning of the parties, that where two acts are to be done at the same time, as when the one agrees to sell and deliver, and the other agrees to receive and pay, an averment by the purchaser, in case he sues for the non-delivery, of a readiness and willingness to pay, is indispensably necessary; and that, consequently, the readiness and willingness to pay, is matter to be proved on his part, whether the other party was at the place, ready to deliver the thing contracted for or not. (7 *T. R.* 125. *Morton* v. *Lamb.* 1 *East*, 203. *Rawson* and *Minns* v. *Johnson.* 2 *Bos.* and *Pul.* 447. *Waterhouse* v. *Skinner.* 1 *Saund.* 320. note 4. 5 *Johns. Rep.* 179. *West* v. *Emmons*, and 2 *Johns. Rep.* 207. *Green* v. *Reynolds*.)

It is impossible to distinguish this case from those cited, but on the ground that this contract provides for the delivery of the whiskey at *Buffalo*, to the plaintiff, his agent, clerk, or issuing commissary, and obliges the plaintiff to pay for the whiskey, on the production of receipts. From these stipulations, it might have been contended, in case of a delivery of the whiskey to the plaintiff's agent, &c. that the payment on the delivery was dispensed with. The averments in the declaration, preclude the plaintiff from taking this ground; he has averred a readiness and willingness to pay for the whiskey at *Buffalo*, and cannot, contrary to the averment, set up that he was not at *Buffalo*, or excuse himself from a readiness and willingness to pay there. The provision relative to a payment on the production of receipts, extends only to a delivery to the plaintiff's agent; for it would be absurd to require a receipt from the plaintiff himself, as evidence of the delivery to himself. Under the averments in the declaration, we are to intend that

the plaintiff was at *Buffalo* at the times specified for the delivery, and that he was then and there ready and willing to receive and pay. His ability and readiness to pay, became then a matter which he was bound to prove, whether the defendant was then ready to deliver or not.

Motion for a new trial granted; the costs to abide the event of the suit.