Tilghmax, C. J.
after stating the case, delivered the opinion of the court, as follows: — These three exceptions. depend pretty much on the same principle. The contract is so clear, that there is no mistaking it. The delivery of the flour, and payment of the money, were mutual and concurrent acts; and neither party could demand performance, of the other, without performing, or being ready to perform, his own part. The declaration is accurately drawn: — it avers, the plaintiff’s readiness to pay the money, which is substance, and must be proved before he can recover. It is not sufficient to show that the defendant refused to deliver the flour — because, granting that to have been the case, the plaintiff suffered no damage, if he was not prepared to pay. This is the truth and common .sense of the case. There was formerly much technical difficulty about mutual and independant covenants and conditions precedent; and great strictness with regard to a tender, by the party who demanded performance of the other. But repeated modern decisions have fixed the law on principles which accord with the real intent of the parties, and dispense with an actual tender, when the person to whom the tender is to be made, declares that he will not receive the money, or, what is tantamount, that he will not perform his part of the contract. The form of declaration on a contract of this kind, will be found in 1 Chitty on, Plead. 318; and the law, as I have stated it, is established in 2 Saund. 352, n. 3, and the cases there cited; and in the case of Porter v. Rose, decided by the Supreme Court of New York, 12 Johns. 209. If it was necessary for the plaintiff to prove that he had the money ready, it was, of course, competent to the defendant to prove, that the money was not ready. So that the opinion of the District Court was right, in all respects. I am of opinion, therefore, that the judgment should be affirmed.
Judgment affirmed.