## THE WATTS–CAMPBELL COMPANY, Respondent, *v.* DAVID G. YUENGLING, Jr., and Others, Appellants.

*When a contractor, erecting an engine and gas compressor in a brewery, may file a lien under chapter 324 of 1885 — the work is not completed until the constructing engineer of the contractor ceases his test of the working of the engine.*

Upon an appeal from a judgment sustaining a mechanic's lien, filed to secure payment for certain machinery, under chapter 342 of 1885, it appeared that the machinery in question, consisting of an engine and gas compressor, was constructed for a brewery owned by the defendant Yuengling, and that it was placed in the said building as part and parcel of the machinery by which the brewery was to be operated. The machinery was intended by the defendant at the time the contract was made to become part and parcel of the brewery, although it was proved that portions of the machinery could be removed by the unscrewing of bolts and the taking off of nuts.

*Held*, that as machinery was necessary for the profitable carrying on of the business for which the buildings were erected, that it came within the provisions of the mechanic's lien law, and constituted the altering and repairing of a portion of the appurtenances to the brewery building.

The actual erection of the machinery was completed on or about the thirteenth of June when the engine was started, but the plaintiff's constructing engineer, who had charge of the work, continued thereafter to make alterations therein, by keying it up, and did his last work June twenty-first when the machinery worked to his satisfaction, and on June twenty-third, after running the machine for two days longer and being satisfied that it worked entirely well, he asked the defendant Yuengling to accept the engine, whereupon the defendant Yuengling gave him a note to that effect.

*Held*, that as the lien was filed on September seventeenth, eighty-eight days subsequent to the time when the constructing engineer ceased to work upon the engine, an objection that the lien was not filed within ninety days after the completion of the work or the final furnishing of the material was not well taken.

Appeal from a judgment of the New York Special Term, entered in the office of the clerk of the city and county of New York on July 18, 1888, sustaining a mechanic's lien, filed under the Laws of 1885, under a contract entered into between the plaintiff and the defendant D. C. Yuengling, Jr., to build and erect at the latter's brewery an engine and gas compressor.

*J. Untermyer*, for the appellants.

*W. P. Williams*, for the respondent.

VAN BRUNT, P. J.

The grounds upon which this appeal seems to be based are these: First. That the machinery in question which was furnished to the building against which a lien is sought to be obtained, is not the subject of a lien, in that the putting in of machinery in a building is not, within the words of the Laws of 1885, erecting, altering or repairing a building, but it is the erecting of machinery in a building which is not, under the terms or within the spirit of the act itself, the subject of a lien. Second. That it appears from the laws of New Jersey and from the certificate of incorporation of the plaintiff that it had no power to contract outside of the State of New Jersey, and, therefore, the contract in question being made outside of the State, was beyond its power. Third. That it does not appear that the notice of lien in this case was filed within ninety days after the completion of the work or the final furnishing of material as required by the mechanic's lien law. The second objection, namely, that the plaintiff acted *ultra vires* in the making of the contract for the furnishing of this machinery seems to be disposed of by the Court of Appeals in the case of the *Whitney Arms Company* v. *Barlow* (63 N. Y., 62), in which it is held that the plea of *ultra vires* is no defense to an action based on a contract obligation when the contract on behalf of the corporation has been executed in good faith and the defendant has reaped the benefit of the performance.

The first objection, that the character of the work done was not such as is contemplated by the mechanics' lien law, is entitled to more consideration. But an examination of the evidence shows that the property upon which this machinery was placed was a brewery; that it was constructed for a brewery, and that this machinery was placed in said building as part and parcel of the machinery by which the brewery was to be operated. It is true that portions of the machinery could be removed by the unscrewing of bolts and the taking off of nuts; but it is apparent that this machinery was placed upon these premises with the intention that it should become part and parcel of the brewery, and should be annexed thereto. It would hardly be claimed that had a purchaser taken a deed of this bewery, or contracted for the purchase thereof, that the grantors could have removed this machinery from the building and claimed a specific performance of the purchase. It is

precisely similar to a case where machinery has been erected in a grist-mill, which becomes part and parcel of the building itself, because the building is to be devoted to the purposes for which the machinery is to be used, and neither one is complete in the absence of the other. So, in reference to this brewery, the machinery in question was part of the machinery which was used in the manufacture of beer. It is true that other means might have been resorted to for obtaining the results which were to be obtained by this machinery; but without some means, such as this machinery supplied, it was impossible to carry on the business for which the building was constructed. Indeed, it seems to be largely a question of intention as to whether machinery placed in a building is to be considered as attached to the freehold or not. There are numerous cases where the controversy has arisen between landlord and tenant, in which the principle has been laid down that fixtures erected by a tenant in a building, for the convenience of his trade, may be removed by him at any time during his term; and this conclusion is arrived at upon the principle that they were necessary for the carrying on of his trade, and that, as he was not the owner of the fee, there was no presumption that he intended to make them part thereof; so it was held, as early as the case of *Holmes* v. *Tremper* (20 Johns., 29), that a cider-mill and press, erected by a tenant at his own expense and for his own use, though affixed to the soil, are his own property and removable by him at the end of the term.

But an entirely different rule prevails in a case where fixtures are attached by a person to his own property for the purpose of enabling him to carry on the business for which the buildings thereon were erected Thus, in the *House Case* (10 Paige, 158), it was held that the wheels and mill-stones forming parts of a grist-mill, being not only convenient but essential to the proper enjoyment of the inheritance passed to the heir as part and parcel thereof. So, also, in the case of *Buckley* v. *Buckley* (11 Barb., 43) it was held the fixtures connected with a cotton factory, dams, water-wheels and gearing machinery, were fixtures as between the heir and executor. And in *Gardner* v. *Finley* (19 Barb., 317), where a mortgagor, after executing a mortgage on his mill, puts machinery and other fixtures therein, the purchaser of the premises at a foreclosure sale was held to have acquired title to the fixtures as being part of the real estate.

It will thus be seen that the question as to whether machinery supplied to a building becomes part and parcel of the building and affixed to the freehold, depends largely upon the question of intention, and this intention is largely to be gathered from the circumstances surrounding the person putting in the machinery, as where such machinery is provided by a tenant for the purpose of carrying on his business, the presumption is that he did not intend to attach it to the freehold, but to remove it during his term. On the other hand, where the owner of the fee puts into buildings, machinery necessary for the prosecution of the business for which the buildings were erected, he is held to have intended that such machinery should become attached to the freehold and be part and parcel thereof. Applying this rule to the case at bar, it is plain that the erection of the machinery forming the subject-matter of this action was intended by the owner of the fee, at the time of making the contract, to become part and parcel of the freehold, as it was necessary for the profitable carrying on of the business for which the buildings were erected. It would seem, therefore, that it came within the provisions of the mechanics' lien law, as it was the altering and repairing of a portion of the appurtenances to the brewery building.

The last objection, that the lien was not filed within ninety days after the completion of the work or the final furnishing of the material, is based upon the fact that the actual erection of the machinery was completed on or about the thirteenth of June, and the engine was started. The plaintiff's constructing engineer, however, had charge of the work and was making alterations therein by keying it up, and he did his last work on the twenty-first of June, when the machinery worked to his satisfaction, and on the twenty-third of June, after running the machine two days longer, and being satisfied that it worked entirely well, he asked Mr. Yuengling to accept the engine, and Mr. Yuengling gave him a note to that effect. On the seventeenth of September the lien was filed, eighty-eight days subsequent to the time when the constructing engineer of the plaintiff ceased work upon the engine. It is true that all the machinery had been erected by the plaintiff and the engine started on the thirteenth of June. But it was not considered in a satisfactory condition to be

HUN — VOL. LI    39

tendered as a completion of the contract until the twenty-first of June, when the last keying up was done by the constructing engineer. It is evident that, prior to this time, no claim could have been made by the plaintiff for the purchase-price of the engine in question, as the work had not been completed. The intention of the mechanic's lien law was that the time within which to file a lien should run after the completion of the work. While there was anything to do which it was the duty of the plaintiff to do in reference to this machinery, clearly the work was not completed. This does not seem to have taken place until the twenty-first of June as stated, and hence the lien seems to have been filed in time.

The judgment should be affirmed, with costs.

BRADY and MACOMBER, JJ., concurred.

Judgment affirmed, with costs.