THE WATTS-CAMPBELL COMPANY, Respondent, *v.* DAVID G. YUENGLING, JR., et al., Appellants.

Plaintiff contracted with Y., who was the owner of premises in the city of New York upon which was a brewery, to build and erect on the premises a gas compressor, engine, oil-traps and certain foundation-plates to cap the stone foundation for the engine and compressor; they were constructed and firmly annexed to the freehold, with the intention on the part of the owner that they should form a permanent accession to the brewery. *Held*, that the labor was performed and materials furnished in the alteration or repair of the building or appurtenances thereto within the scope and meaning of the mechanics' lien law (§ 1, chap. 342, Laws of 1885), and that plaintiff was entitled to a lien therefor.

The delivery of the machinery at the brewery was completed May 31, 1887; the plaintiff was engaged until June 23, 1887, in placing it in position and completing the work. By the contract one-half the contract price was to be paid on delivery of the machinery, and the balance after it "has been erected and has been working satisfactorily for four weeks." The notice of lien was filed September 17, 1887. *Held*, that the notice was filed "within ninety days after the completion of the contract or the final performance of the work," and so, was effectual to perfect the lien.

Reported below, 51 Hun, 302.

(Argued October 24, 1890; decided December 2, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order

made the first Monday of November, 1888, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

This was an action for the foreclosure of a mechanics' lien. The facts, so far as material, are stated in the opinion.

*Samuel Untermyer* for appellants. The lien law, being dependent for its validity upon the statute creating it, conferring extraordinary rights, and being in derogation of the common law, an attempt to obtain payment from some person other than him with whom the lienor contracted, must be strictly construed, and cannot be extended beyond the import of the statutory language. (*Davis* v. *Alvora*, 94 U. S. 545; *Benton* v. *Wickwire*, 54 N. Y. 226; *Hubbell* v. *Schreyer*, 14 Abb. [N. S.] 300; *Cheney* v. *T. H. Assn.*, 65 N. Y. 282.) The machinery furnished by the plaintiff was not the subject of a lien and the plaintiff does not come within the protection of the law under which he claims. (Laws of 1885, chap. 342, § 1; *Voorhees* v. *McGinnis*, 48 N. Y. 278; *Henry* v. *Van Brundenstein*, 12 Daly, 480; *Ward* v. *Kilpatrick*, 85 N. Y. 413; *McKeage* v. *H. F. Ins. Co.*, 81 id. 38; *Marechi* v. *P. Society*, 79 Penn. St. 403; *Lombard* v. *Puke*, 33 Me. 141; *Baum* v. *Covert*, 62 Miss. 113; *I. M. Co.* v. *Brown*, 3 Sneed, 268; *Baker* v. *Fessenden*, 71 Me. 292; *Ford* v. *Cobb*, 20 N. Y. 344.) The lien which the plaintiff might otherwise have had for furnishing the foundation plates and bolts has been lost by including in the notice of lien items not the subject of a lien. (*Bicknell* v. *Trickney*, 34 Me. 283; *Kelly* v. *Kelly*, 77 id. 235; *Ellenwood* v. *Burgess*, 144 Mass. 534.) The notice of lien was not filed within ninety days after the final furnishing of the materials for which the lien is claimed. The filing of the notice within the period of statutory limitation is absolutely necessary, and without it the claim is totally void. (*Spencer* v. *Barnett*, 35 N. Y. 94; *Hubbell* v. *Schreyer*, 14 Abb. [N. S.] 284; *Luts* v. *Ely*, 3 E. D. Smith, 621; *Donaldson* v. *O'Connor*, 1 id. 695; *Gates* v. *Budensiek*, 6 Abb. [N. C.] 367; *Tiley* v. *Thousand Island Hotel Co.*, 9 Hun, 424; *Danziger* v.

*Simonson,* 21 J. & S. 158; *Scott* v. *Cook,* 8 Mo. App. 193; *Barrow* v. *Knight,* 55 Cal. 155; *Duffy* v. *Baker,* 17 Abb. [N. C.] 357; *Dart* v. *Fitch,* 23 Hun, 361.) The lien is fatally defective in failing to state whether all the work for which it was filed was actually performed or furnished. (*Luscher* v. *Morris,* 18 Abb. [N. C.] 67.) The debtor Yuengling, having in good faith conveyed the property to the receivers, no lien could thereafter be acquired. (*Payne* v. *Wilson,* 74 N. Y. 348; *Munger* v. *Curtis,* 42 Hun, 465.) The allowance of $555 in a foreclosure action is unauthorized. (*O'Neil* v. *Gray,* 39 Hun, 566; *Rosa* v. *Jenkins,* 31 id. 384.)

*Wm. Pierrepont Williams* for respondent. The objection that the plaintiff had no power to contract or carry on business without the state of New Jersey, is not well taken. ( *W. A. Co.* v. *Barlow,* 63 N. Y. 62.) The work done was clearly of such a kind as to bring it within the operation of the lien act. (*Ward* v. *Kilpatrick,* 85 N. Y. 418, 419; *McRea* v. *C. N. Bank,* 66 id. 489; *Potter* v. *Cromwell,* 40 id. 287; *Voorhees* v. *McGinnis,* 48 Hun, 278; *Bigler* v. *N. Bank,* 26 id. 523.)

O'Brien, J. The judgment in this case declares that the plaintiff is entitled to and has a lien, under the statute, for the sum of about $12,000, including certain items of interest and cost upon certain real estate situated in the city of New York occupied and used as a brewery. It was adjudged, as a basis for this result, that the plaintiff performed labor and services, and furnished materials used in the alteration or repair of a house or building or appurtenances thereto within the scope and meaning of the statute creating and authorizing the enforcement of liens in such cases. The only questions necessary to consider are, first, whether the case is one that falls within the statute, and, secondly, whether the notice of the lien was filed in time. It was found by the trial court that the defendant, D. G. Yuengling, Jr., was, prior to November 1, 1887, the owner of the premises described in the decree. That while such owner, and on December 22,

1886, the plaintiff contracted with him to build and erect on the premises a gas compressor and an engine for the sum of $9,700. That subsequently and on February 5, 1887, the plaintiff contracted to build for him two oil-traps for the further sum of $750, and certain foundation-plates for the sum of $650. The foundation-plates were in contemplation of the parties during the negotiations, which resulted in the contract for the compressor and engine, and had been specified in a proposal submitted by the plaintiff to the owner prior to the making of that agreement. They were procured in order to cap a stone foundation to be specially constructed for the engine and compressor. The oil-traps were essential to the efficient working of the other machinery furnished by the plaintiff, and their size ordinarily depends upon that of the engine and compressor in connection with which they were intended to be used. They were ordered in connection with the other machinery, and this order was regarded by both parties as an amplification of the original contract of December twenty-second. The engine, compressor, oil-traps and foundation-plates were constructed and placed on the premises by the plaintiff as required by the contract. They were firmly annexed to the freehold with the intention, on the part of the owner, that they should form a permanent accession to the brewery for the purpose of producing such artificial cold as was necessary for the proper manufacture of beer. An excavation was made in the cellar of the brewery twenty-one feet long, fifteen feet wide and eight feet deep. Around the edges of the hole twenty iron rods or anchor bolts about two inches in diameter and about eight feet long were placed, each fastened to a cast-iron plate or washer about one and a half feet square resting on the ground below and at the bottom of the foundation. These rods or bolts stood up perpendicularly, and the entire hole was gradually filled up around them with rocks weighing from 100 to 400 pounds each and all cemented into a solid mass. This foundation weighed some 200 tons. The plates were then laid upon it and the legs of the engine and compressor upon the plates. The tops of the rods passed

through holes in the foundation-plates and through the legs of the engine and compressor, which were screwed down tightly by nuts on the rods. We think that the labor performed and materials furnished by the plaintiff were for the purpose of making a permanent accession to the realty. The articles furnished by the plaintiff were, in fact and in intention, annexed to the freehold, so as to become a part of it, and would, as between vendor and vendee, pass by deed of the premises without special enumeration. Hence the plaintiff performed labor and furnished materials used in altering or repairing a building, or appurtenances thereto, for which he could have acquired a lien under the statute. (Laws of 1885, chap. 342, § 1; *Ward* v. *Kilpatrick*, 85 N. Y. 413; *McRea* v. *Central National Bank*, 66 id. 489; *Voorhees* v. *McGinnis*, 48 id. 278.)

No lien was acquired, however, unless the plaintiff filed the notice required by the fourth section of the statute in the office of the clerk of the county "at any time during the performance of the work, or the furnishing of the materials or within ninety days after the completion of the contract or the final performance of the work, or the final furnishing of the materials for which a lien is claimed, dating from the last item of work performed, or from the last item of materials furnished." In this case the notice was filed in the clerk's office of the city and county of New York on the 17th day of September, 1887. It is found as a fact that the delivery of the machinery at the brewery was completed on the 31st day of May, 1887, and if the ninety days are to be computed from that date, and not from the date when the machinery was finally and completely annexed to the freehold, then the notice was not filed in time; but there is also a finding "that the plaintiff was engaged until the 23d of June, 1887, in placing and erecting the foundation-plates, engine and compressor, in joining the various parts of machinery together, and getting it into such condition that it would work satisfactorily." The actual erection of the machinery was completed on or about the 13th of June, 1887, and on that day the engine was

started. The plaintiff's contract of December 22, 1886, was to build for the defendant a gas compressor and engine of certain dimensions and of specified style and material, to be delivered and erected on its foundation in the brewery for a specified sum, one-half payable in cash on delivery, and "the balance after the machinery has been erected and has been working satisfactorily for four weeks, the last payment to be made by note at four months from date, with interest at six per cent per annum." The plaintiff also guaranteed the workmanship of the engine and compressor for one year, provided no disarrangement was caused by carelessness or want of ability on the part of the engineer or person in charge. This contract, as we have seen, contemplated the furnishing of the oil-traps and foundation-plates, which were subsequently ordered from the plaintiff. Each machine, or article of property furnished by the plaintiff, was part of a general scheme of improvement in the brewery. The plates were necessary to sustain the engine and compressor and the oil-traps to their successful operation in order to accomplish the purpose the owner had in view, namely, the artificial generation of cold. The contract was to furnish, erect and adjust them all to each other in such a manner as to accomplish the desired end. This contract was not completed until all the machinery had been erected and "working satisfactorily." This result was not reached by the plaintiff until the 23d day of June, 1887. On that day Mr. Yuengling, the owner, addressed the following letter to the plaintiffs:

"Gentlemen.— Your Mr. Robert Smith wants to be relieved from taking further charge of the new engine and compressor you put up in my brewery. He says everything works all right. I have no objection to let him go, but will want the thirty days' running before the final settlement.

"Yours truly,

"D. G. YUENGLING, Jr."

The owner of the property, as well as the plaintiff, considered and treated the latter date as the time of the completion

of the work contemplated by the contract and the time from which the day of final settlement was to be computed. In the language of the statute, it was the day of "the completion of the contract, or the final performance of the work, or the final furnishing of the material for which a lien is claimed, dating from the last item of work performed, or from the last item of material furnished," and the plaintiff had ninety days thereafter within which to file the required notice.

The other questions discussed by the defendants are, we think, clearly untenable.

The disposition made of the case by the courts below was right, and the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.