## In re WEST SIDE ELECTRIC LIGHT & POWER CO.

(*Supreme Court, General Term, First Department.*      December 29, 1890.)

EXECUTION—SALE—RIGHT TO PROCEEDS.

At a sale on execution, notice was given of a claim of a mechanic's lien on the property prior to the judgment; and the sheriff sold only the right, title, and interest of the judgment debtor. *Held*, that persons claiming such lien had no right to or interest in the money produced by the sale, and such money must be paid over to the judgment creditors.

Appeal from special term, New York county.

Motion by Theodore F. Hunter and Henry C. Willis, judgment creditors of the West Side Electric Light & Power Company, that the sheriff be directed to pay over the proceeds of a sale of property under execution issued on their judgment. The motion was opposed by Charles R. Vincent and others, claiming liens on the property sold, and was denied. From the order denying their motion, said Hunter and Willis appeal.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Archibald C. Shenstone*, for appellants. *Rudd & Hunt*, (*Robert S. Rudd*, of counsel,) for respondents.

BRADY, J. The West Side Electric Light & Power Company was organized, as its name implies, for supplying electric light and power. The company leased from its president, Elsworth L. Striker, a lot on West Fifty-Third street, in New York city, and erected thereon a substantial brick building to receive its plant, viz., engines, boilers, dynamos, etc. A large part of the plant was purchased through the firm of Charles R. Vincent thereof, being over $7,000.

The bill of said Vincent & Co. was not paid when the same became due, viz., about April 1, 1889, and upon the 29th of that month said Vincent & Co. filed a mechanic's lien upon the said premises and plant.   Upon June 8, 1889, the appellants obtained a judgment in the city court for $1,359.05 against the West Side Electric Light & Power Company, issued execution thereon, and delivered the same to the sheriff.   The sheriff made no levy thereunder until on or after June 10th, (the 9th being Sunday,) and upon that day Francis D. Dowley was appointed receiver of the assets of the said corporation.   The appellants obtained an order permitting the sheriff to levy on sufficient property to satisfy the appellants' judgment, but staying any sale thereunder.   The sheriff made such levy upon "2 boilers, 2 engines, and 1 dynamo," the boilers and engines being those furnished for the plant by respondents herein, and all the property so levied upon being part of the realty.   Various attempts were made by the appellants to obtain permission from the court to proceed to the sale of the property levied upon, but it was not until January 22, 1890, that an order was obtained permitting said sale.   Thereupon respondents obtained an order to show cause why the order permitting the sale should not be vacated, and setting up the claims of Vincent & Co., these respondents, to a lien on the premises, and on the very chattels which the sheriff was authorized to sell. It is to be noted that this was the first time Vincent & Co.'s claim was presented in court.   As a result of the hearing, an order was made by Mr. Justice O'BRIEN, February 5, 1890, which permitted the sheriff to sell, but directed him to retain the proceeds until the further order of this court.   Prior to the sale, at the place and time advertised for it to be made, the sheriff was notified, in the presence of those there assembled, that Charles R. Vincent & Co. claimed to have a lien upon the property which existed prior to the sheriff's levy, the result of which was that the sale was only of all the right, title, and interest of the West Side Electric Light & Power Company, which they had on the 8th of June, 1889, or at any time thereafter, in and to two boilers, two engines, and one dynamo, that being the property levied upon and sold.

. It is contended on the part of the appellant that the asserted lien was not a valid one, and gave the lienors no prior claim; but whether it was or not it is not necessary for the purposes of this appeal to decide.   On the subject, however, see *Watts-Campbell Co.* v. *Yuengling*, 3 N. Y. Supp. 869; McAdam, Landl. & Ten. § 119, and cases cited.   It is not considered necessary to decide the question, as suggested, for the reason that the sale of the articles sold was made subject to the lien of Charles R. Vincent & Co., whatever it might be, as announced at the time of the sale, and is protected by the character of the sale made by the sheriff, namely, of all the right, title, and interest of the West Side Electric Light & Power Company, which they had on the 8th of June, 1889, or at any time thereafter, in and to two boilers, two engines, and one dynamo, the property levied upon as already stated.   The purchaser consequently took the property subject to the lien of which he was advised, which still attaches to the property, and which, if valid, can be enforced against it, notwithstanding its delivery to the purchaser.   Under these circumstances the motion should have been granted.   The West Side Electric Light & Power Company having an interest in the surplus over and above the lien, assuming that claim to be valid, it was a leviable interest and could be sold as it was.   For these reasons the order appealed from should be reversed, and the motion granted, with $10 costs, and the disbursements of this appeal.

. · DANIELS, J., (*concurring*.)   The statement that the sale was of no more than the right, title, and interest of the judgment debtor, in the property sold under the execution, has not been denied or questioned.   It is to be acted upon, therefore, as an established fact.   And from that fact it follows that the persons claiming liens upon the property sold have no right to or interest in the money produced by the sale.   That money belongs to the judgment

creditors, and should be paid over to them. The order should therefore be reversed, and an order entered directing that payment to be made, with costs, and the disbursements on the appeal.