GEORGE SCHAPER, Respondent, *v.* BROOKLYN & LONG ISLAND CABLE RAILWAY COMPANY, Appellant.

*Court of Appeals, Jan.* 14, 1891.

Aff'g 42 Hun, 657.

*Railroads. Elevated.*—The general railroad act of 1850, and its amendatory and supplementary acts do not confer upon a company, incorporated under it, a right to build an elevated railroad in the streets of a city.

Appeal from a judgment of the general term of the supreme court, affirming a judgment entered upon a decision of the court, at special term.

*William C. Dewitt,* for appellant.

*George W. Wingate,* for respondent.

PARKER, J.—The decision of this court *In re* The People's Rapid Transit Co. *v.* Bowie Dash, 125 N. Y. 1; 34 N. Y. State Rep. 595, requires an affirmance of the judgment. The defendant intending to construct an elevated railroad along and over certain streets in the city of Brooklyn, commenced the erection of it in part on Boerum Place and in front of property owned by the plaintiff. The plaintiff, insisting that such action was without legal right, brought this suit to restrain the defendant from entering upon and proceeding in the further construction of the railroad in front of his premises.

Section 23, title 19, chapter 863, Laws of 1873 (the charter of the city of Brooklyn) provides that "it shall not be lawful hereafter to lay, construct or operate any railroad in, upon or along any or either of the streets or avenues of the city of Brooklyn, wherever such railroad may commence or end, unless a majority of the owners of property upon the streets or avenues in or along which such railroad is to be constructed shall first petition the common council of said city therefor, nor unless the said common council shall authorize the construction of such railroad and the grant therefor shall have been awarded and given to the person who will agree with adequate security to carry passengers on such railroad at the lowest rate of fare." This section, continuing, excepts from its operation various existing and specially named railroad companies, and also "such other companies as are or may be authorized by law."

No steps were taken by the defendant or the common council of the city in compliance with such provisions; a majority of the owners of property upon the streets or avenues along which it was contemplated to build this road did not petition the common council therefor, and that body did not award a

grant of the right to construct to a person agreeing to carry passengers on such road at the lowest rate of fare. But the defendant insisted that because it was organized under the general railroad act of 1850, and the acts amendatory thereof and supplementary thereto, the provisions of the charter quoted were not applicable to it; that it was only required to obtain the consent of the common council in the manner provided by that act, which it did. The reasons assigned in support of that position need not be stated or discussed. Since they were presented to us by counsel, the decision cited, *supra*, has been made. It requires the determination that the general railroad act of 1850, and its amendatory and supplementary acts did not confer upon a company incorporated under it the right to build within the limits of a city a structure of the character of that contemplated and undertaken by the defendant. The question discussed by the general term need not, therefore, be considered.

The judgment should be affirmed.

All concur.