THOMAS J. REYNOLDS, Plaintiff, *v.* RANSOM H. MILLER, Defendant.

*Request for the direction of a verdict — when the right to go to the jury is waived thereby — action on a promissory note.*

Upon the trial of an action brought on a promissory note there was evidence tending to show a breach of contract and fraud and false representations on the part of the plaintiff; each party asked that a verdict be ordered in his favor, and neither asked to go to the jury upon any question of fact.

*Held,* that the court was authorized to find the facts, and if there was any evidence to sustain its findings, they were conclusive upon the parties; that, by requesting the court to determine the case as one of law, the parties waived their right, if any, to go to the jury unless they subsequently so requested.

MOTION by the plaintiff, Thomas J. Reynolds, for a new trial on a case containing exceptions, ordered to be heard at the General Term in the first instance, upon the verdict of a jury in favor of the defendant, directed by the court on the 29th day of November, 1893, after a trial at the Monroe Circuit.

*E. A. Nash,* for the plaintiff.

*John Van Voorhis,* for the defendant.

HAIGHT, J.:

This action was brought to recover the amount of a promissory note executed by the defendant and delivered to the plaintiff. The answer admits the execution and delivery of the note, but alleges as a defense non-performance of the contract under which it was given, failure of consideration and fraud.

It appears that the Trotter Refrigerator Company was a corporation engaged in the manufacture of refrigerators and other articles of merchandise; that on the 14th day of January, 1891, an agreement was entered into between Calvin P. H. Vary, Stephen Kiener, Charles W. Trotter and the Trotter Refrigerator Company, as parties of the first part, and Thomas J. Reynolds, as party of the second part, in and by which the individual owners of the capital stock of the corporation and the board of directors agreed to turn over to said Reynolds the management of the entire property and assets of the company and the entire control and management of the business

of the company of every kind, etc. The agreement was not signed by Charles W. Trotter, who was one of the stockholders in the corporation.

Pursuant to this agreement, Reynolds assumed the management and control of the property of the corporation, and on the 11th day of June, 1891, in consideration of three promissory notes, of which the note in suit is one, executed and delivered to the defendant a bill of sale of " all the refrigerators manufactured and in process, described in the annexed schedule marked A, now stored in Newark, N. Y., at the company's factory and storage houses, also, all the lumber, stock, wrought and unwrought, belonging to said company, now in the yard and factory at Newark, N. Y., including sash, doors, blinds, and glass, and other personal property, excepting the machinery and fixtures. The price at which said refrigerators shall be paid shall be 30 per cent of the list price, and said lumber shall be inven-. toried and figured at 80 per cent of such inventoried value. Any expenses incurred in finishing the refrigerators shall be deducted from said 30 per cent. The other property hereby conveyed to be paid for at a price to be fixed by an inventory made hereafter at 80 per cent of the cost price." This instrument was signed " Trotter Refrigerator, by T. J. Reynolds, Manager."

And upon the same day another instrument was executed and delivered to the defendant, which is as follows:

" ROCHESTER, N. Y., *June* 11, 1891.

" Ransom H. Miller having this day purchased of. the Trotter Refrigerator Company the property described in a bill of sale bearing this date, now said Miller is hereby authorized to collect all the unpaid book accounts due and to grow due to said company and apply the proceeds thereof upon the indebtedness of said company to him. The rights hereby conveyed by said Reynolds as manager are the same rights acquired by him under an agreement made January 14, 1891, between him and said company and others.

" T. J. REYNOLDS, *Manager.*"

Thereupon, the defendant, on the morning of the next day, proceeded to Newark, where the company's factory was located, and there met Vary and Kiener, two of the directors of the corporation, who were in charge of the company's property, and demanded of

them the possession of the property described in the bill of sale. This they refused to give until they could have advice of counsel, and it was then arranged that Director Vary should proceed to Rochester within a day or two and obtain such advice. Subsequently, he met the defendant Miller in the city of Rochester, and, together, they proceeded to the office of Hubbell & McGuire, the attorneys for the corporation, and were there advised that the agreement of January fourteenth, between a portion of the stockholders and Reynolds, was invalid, and that Reynolds had no power to sell the property of the corporation to the defendant in the manner in which he had attempted to do, and they refused to then surrender the property to the defendant. Subsequently, the defendant demanded back the notes which he had delivered to Reynolds, and offered to return and restore to him the assignment and papers he had received from him. This Reynolds refused.

It further appears from the testimony of the defendant that, at the time the plaintiff offered the property to him, he stated and represented that he had legal power to sell and convey the same; that he had consulted with the members of the company and that they had agreed to the sale, and that it was all right; that the plaintiff further stated that if the defendant took the bill of sale he could have possession of the property, and that he should get peaceable possession, and that all of the members of the company were satisfied and would give him peaceable possession; that the defendant believed the representations so made and accepted the offer upon condition that they would give him peaceable possession.

It further appears that Reynolds had not consulted with the other members of the company in reference to the sale of the property to the defendant; that they knew nothing about it until the defendant presented his bill of sale and demanded possession, and that they were not satisfied therewith.

At the close of the evidence, the plaintiff's counsel asked the court to direct a verdict in favor of the plaintiff for the amount of the note, with interest. This was refused and an exception was taken. The defendant's counsel then moved for a direction of a verdict in favor of the defendant, which motion was granted, and an exception was taken thereto. No request was made that any question of fact should be submitted to the jury.

Where, upon a trial, each party asks that a verdict be ordered in his favor, and neither asks to go to the jury upon any question of fact, the court is authorized to find upon the facts, and, if there is any evidence to sustain its finding, it is conclusive upon the parties, for, by requesting the court to determine the case as one of law, a party waives his right, if any, to go to the jury unless he so requests. (*Kirtz* v. *Peck*, 113 N. Y. 222; *Provost* v. *McEncroe*, 102 id. 650; *Dillon* v. *Cockcroft*, 90 id. 649.)

Here, as we have seen, there was some evidence tending to show fraud on the part of the plaintiff; that he had falsely represented that he had authority to sell the property of the corporation; that he had seen the members of the company and consulted with them, and that they had agreed that it would be best for him to sell the property to the defendant. There is also some evidence tending to show that he had not performed the contract; that he agreed to deliver possession of the property to the defendant and had not done so.

It would, doubtless, have been the duty of the court to submit these questions to the jury had the plaintiff so requested, but, in the absence of such a request, we must now assume that the court has found the facts upon these questions in favor of the defendant. If so it follows that if there was fraud practiced on the part of the plaintiff it vitiates the contract. Or, if he failed to perform the contract on his part by neglecting to deliver possession of the goods, there was both a breach of contract and a failure of consideration. Or if, as is claimed, the property was to be inventoried, its quantity and condition then to be ascertained, and a price then agreed upon based upon the inventory, it was not a completed contract. Parsons on Contracts, at page 527, says: "Nor is the sale completed while anything remains to be done to determine its quantity if the price depends on this, unless this is to be done by the buyer alone, and, even if earnest or a part of the price be paid, the sale is not complete under these circumstances, and, if it finally fail, the money paid may be recovered back."

In *Tipton* v. *Feitner* (20 N. Y. 423–425) DENIO, J., says: "In contracts for the purchase of property, real or personal, where there is no stipulation for credit, or delay on either side, the delivery of the property (or its conveyance, where it is of a nature to pass by

grant) and the payment of the price are each conditions of the other, and neither party can sue for a breach without having offered performance on his part." (*Dunham* v. *Mann*, 8 N. Y. 508–512; *Porter* v. *Rose*, 12 Johns. 209; *Parker* v. *Parmele*, 20 id. 130.)

These views render it unnecessary to determine whether the plaintiff could sell the property under the power given to him by the contract of January fourteenth.

The plaintiff's motion for a new trial should be denied, with costs, and judgment ordered for the defendant upon the verdict.

DWIGHT, P. J., LEWIS and BRADLEY, JJ., concurred.

Plaintiff's motion for a new trial denied, with costs, and judgment ordered for the defendant upon the verdict.