RALPH S. SCOBELL, Respondent, *v.* SIDNEY S. BLOCK and Another, Appellants.

*Appeal — conclusions of law of the trial court, when not reviewed — when property becomes a fixture.*

Where, upon the trial of an action, certain articles of personal property are held, as matter of law, not to be fixtures, if no exception is taken upon the trial to such ruling, no question of error is presented upon appeal in regard thereto, and if there is·no request to submit any question of fact in respect to such articles to the jury, the court upon appeal must accept the conclusion reached by the trial court.

Three things must unite to constitute property a fixture, namely, actual annexation to the realty or something appertaining to it; application to the use or purpose to which the part of the real estate with which it is connected is appropriated, and the intention of the party making the annexation to make a permanent accession to the freehold.  ›i·

MARTIN, J., dissenting.

APPEAL by the defendants, Sidney S. Block and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Jefferson on the 2d day of March, 1894, upon the verdict of a jury rendered after a trial at the Jefferson Circuit, and also from an order, made at the Jefferson Circuit and entered in said clerk's office, denying the defendants' motion for a new trial made upon the minutes.

The action was brought to recover for the conversion of certain personal property described in the complaint which, it is alleged, the defendants converted to their own use when it was contained in the St. Lawrence brewery at Cape Vincent. Plaintiff owned the fee to the brewery in 1883 and executed a real estate mortgage thereon for $4,000, which mortgage was foreclosed and a sale made thereunder at the office of Judge McCartin by the sheriff of Jefferson county, and the defendants became purchasers at said sale on the 31st day of August, 1891. The mortgage did not enumerate the articles in question nor did·the deed executed by the sheriff describe the articles in question in any manner, and it contained only words describing the real estate. Several exceptions were taken by the defendants during the progress of the trial.

*N. F. Breen* and *W. F. Porter*, for the appellants.

*John N. Carlisle*, for the respondent.

HARDIN, P. J.:

When the sheriff exposed the premises for sale in the foreclosure proceedings the defendants and the plaintiff were present, and a question arose as to what passed under the foreclosure sale, and it was claimed on the trial that the plaintiff assented to or acquiesced in the understanding that the personal property described in the complaint in this action should pass to the defendants, who then became the purchasers. A question of fact was raised at the trial as to what took place on that occasion, as well as to the understanding that had been reached by the plaintiff and defendants prior to the time the bids were made. The questions of fact in that regard were submitted to the jury, there being a conflict in the evidence in regard thereto. Instructions given by the trial judge in respect to whether an estoppel existed were in accordance with the authorities. (*Thompson* v. *Blanchard*, 4 Comst. 303; *Hibbard* v. *Stewart*, 1 Hilt. 207; *McKeage* v. *Hanover Fire Ins. Co.*, 81 N. Y. 38; *More* v. *Ins. Co.*, 130 id. 545.) Inasmuch as there was evidence given tending to support the contention of the appellants in that regard, although it was contradicted and other evidence was given by the defendants tending to show that no estoppel existed, we think the verdict of the jury in that regard should be accepted.

(2) On the trial certain articles of personal property were held as matter of law not to be fixtures, and no exception presents any question of error in that regard, nor was there any request to submit any question of fact in regard to those articles to the jury. We must, therefore, accept the conclusion reached at the Circuit. (*Kirtz* v. *Peck*, 113 N. Y. 222; *Reynolds* v. *Miller*, 79 Hun, 113.)

(3) The trial judge refused to rule, as matter of law, that the thirty store casks and forty puncheons or hogsheads were fixtures, and he left the questions relating thereto to the jury to determine, on all the facts of the case, after a careful statement of the law relating to the questions involved, and in so doing committed no error. In the course of his charge he stated that three things were necessary to be united to constitute property a fixture : *First.* Actual annexation to the realty, or something appertaining to it. *Second.*

Application to the use or purpose to which the part of the real estate with which it is connected is appropriate. *Third.* The intention of the party making the annexation to make a permanent accession to the freehold; and he fully and properly explained the principles of law applicable to the facts presented in regard to this branch of the case (*McRea* v. *Central Nat. Bank*, 66 N. Y. 489 ; *Potter* v. *Cromwell*, 40 id. 287 ; *McFadden* v. *Allen*, 134 id. 490), and took the verdict of the jury upon the questions of fact involved in the controversy in regard to whether the articles in question, under the circumstances, were fixtures or not. The rulings and the charge upon that subject were as favorable to the defendants as they were entitled. (*Hart* v. *Sheldon*, 34 Hun, 38.)

Appellants call our attention to *Watts-Campbell Co.* v. *Yuengling* (51 Hun, 302; S. C. affd., 125 N. Y. 1). By an examination of the opinion delivered by the court in General Term, and also the opinion in the Court of Appeals, it will be found that it was assumed as a matter of fact that the "machinery forming the subject-matter of the action was intended by the owner of the fee at the time of making the contract, to become part and parcel of the freehold." In the opinion delivered in the Court of Appeals it is said : "The articles furnished by the plaintiff were, in fact and in intention, annexed to the freehold, so as to become a part of it, and would, as between vendor and vendee, pass by deed of the premises, without special enumeration." The cases are in harmony with the rule laid down by the trial judge in the case in hand.

Appellants call our attention to *Bigler* v. *National Bank of Newburgh* (26 Hun, 520). In that case the real estate mortgaged by its terms covered "all buildings and improvements thereon situate and being." The case is, therefore, distinguishable from the one before us.

In *Miller* v. *Hart* (32 Hun, 639) it was held that the words "all appendages now used in and about said mill" were "used to indicate articles used in the mills but not attached to and forming part of the same." The case does not support the contention of the appellants.

The case of *The Manufacturers' National Bank* v. *Rober* (19 Wkly. Dig. 477) turned largely upon "the fact that the owner of

the land so intended, the fixtures in question all go with the land," and some of them were so bulky that they could not be removed from the building without taking down a part of it. The case, therefore, differs from the one before us. Here there is some evidence tending to indicate that the defendants had agreed with the plaintiff before and at the time of sale that an arrangement should be entered into between them, after they purchased the real estate, by which the property in question and the real estate should be put into a joint venture and operated by them jointly. There was a contradiction of the evidence, however, and the question in that regard was proper for the jury.

(4) Attention has been given to the several exceptions taken upon the trial, and we find none of them present prejudicial error requiring an interference with the verdict of the jury.

After a careful charge, which both sides conceded was full and fair, and to which no exceptions were taken, the jury have, upon the vital questions of fact, pronounced their verdict upon evidence conflicting to some extent as to all the important questions involved. We think the verdict should not be disturbed.

MERWIN, J., concurred; MARTIN, J., dissented.

Judgment and order affirmed, with costs.