APOLLO STEEL COMPANY, Appellant, *v.* C. H. BRUSHABER & Co., INC., Defendant, Impleaded with BROOKLYN GALVANIZING AND MANUFACTURING COMPANY, Respondent.

First Department, October 31, 1924.

Sales — action by buyer against agent and undisclosed principal for breach of contract — contract required plaintiff to pay at time of shipment, which date was not specified — not necessary to allege tender of purchase price — Statute of Frauds — signature by agent of undisclosed principal is sufficient — contract based on several letters meets requirement of Statute of Frauds.

In an act on by a buyer against an agent and its undisclosed principal to recover damages for the breach of a contract for the sale of steel, it is error to dismiss the complaint as to the principal on the ground that the complaint did not allege a tender of the purchase price, where it appears that the contract simply required the plaintiff to pay for the steel at the time of shipment, that the date of delivery was not agreed on in the contract, that no shipping instructions were ever given, and that the shipment was never made or attempted. The buyer is not bound to perform the idle ceremony of tendering the purchase price of goods when it is apparent that the goods will not be delivered.

Under the allegations in the complaint of readiness and willingness to perform, the buyer would be required to prove those facts, which is all that may be demanded of it.

A contract signed by an agent, in its name on behalf of an undisclosed principal, meets the requirements of the Statute of Frauds as to signature.

In this action the contract for the sale of the steel is made up of several letters between the buyer and the agent, and when the letters are read together they constitute a sufficiently definite contract to meet the requirements of the Statute of Frauds.

APPEAL by the plaintiff, Apollo Steel Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 19th day of March, 1923, granting a motion of the defendant Brooklyn Galvanizing and Manufacturing Company for judgment on the pleadings, and also from a judgment entered in said clerk's office on the 25th day of April, 1923, pursuant to said order, dismissing the complaint as to said defendant.

*Brush & Crawford [John J. Crawford* of counsel], for the appellant.

*Weil & Purvin [Arthur Weil* of counsel], for the respondent.

SMITH, J.:

This is an action brought by a purchaser against two parties, Brushaber & Co., Inc., and the Brooklyn Galvanizing and Manufacturing Company, for breach of a contract to deliver some steel sheets according to specifications which were furnished. The Brooklyn Galvanizing and Manufacturing Company moved to dismiss the complaint as to itself, which motion has been granted, and the plaintiff has appealed from the order granting the same.

The contract, if sufficient, was made with Brushaber & Co., Inc., but the complaint alleges that Brushaber & Co., Inc., was acting as agent for the Brooklyn Galvanizing and Manufacturing Company and did not disclose at the time of the making of the contract that it was made for and on behalf of the Brooklyn Galvanizing and Manufacturing Company. If Brushaber & Co., Inc., did, in fact, contract as the agent of the Brooklyn Galvanizing and Manufacturing Company without disclosing its agency, the plaintiff, upon ascertaining this relationship, could elect to sue the disclosed principal or the agent. Plaintiff has sued both parties here without having made an election. It is claimed on behalf of the plaintiff that that election need not be made until the trial. This claim does not seem to be questioned by the defendant, who assumed that if made at the trial it was sufficient.

The respondent seeks to sustain the order upon two grounds: *First,* that there is no allegation of tender of the purchase price. Upon the papers that appear in the record, however, no specific date was agreed upon as the date of delivery. All that the plaintiff was required to do was to pay the money at the time of shipment. As it is clear from the papers that no shipping instructions were given and shipment was never made or attempted, the plaintiff was not bound to perform the idle ceremony of tendering $200,000 for goods which it was apparent would not be delivered.

In *Rawson* v. *Johnson* (1 East, 202) it was held that in an action by the buyer against the seller for failure to deliver the goods

the plaintiff need not allege a tender of the money, but it is sufficient for him to plead that he was ready and willing to accept the goods and pay for them. The opinion reads: " The defendant undertook to deliver the malt when he should be requested, and the plaintiffs plead that they made the request to him, and were ready and willing to have accepted and paid for it, but that he did not deliver it when requested, or at any other time, but refused so to do. To be sure, under this averment the plaintiffs must have proved that they were prepared to tender and pay the money if the defendant had been ready to have received it, and to have delivered the goods: but it cannot be necessary in order to entitle them to maintain their action, that they should have gone through the useless ceremony of laying the money down in order to take it up again. It would be repugnant to common sense to require it." This rule was followed in the cases of *Porter* v. *Rose* (12 Johns. 209); *Coonley* v. *Anderson* (1 Hill, 519); *Bronson* v. *Wiman* (8 N. Y. 182, 188), and has never been judicially questioned.

Under the allegation of readiness and willingness to perform, the plaintiff would be required to prove those facts, which is all in reason that could be demanded of the plaintiff, especially where in an action the defendant indicated by failure to give shipping instructions that it was unable or unwilling to perform.

The next objection urged is that the contract is void by the Statute of Frauds. I do not think so. The defendant, the Brooklyn Galvanizing and Manufacturing Company, was not mentioned because that company was an undisclosed principal. If the contract was signed by Brushaber & Co., Inc., which was, in fact, the agent of the Brooklyn Galvanizing and Manufacturing Company, as alleged in the complaint, that is sufficient to meet the requirements of the statute. The contract must be read from several different letters which passed between the plaintiff and Brushaber & Co., Inc. Any specifications that were mentioned in those letters will be deemed to have been assented to by Brushaber & Co., Inc., in its letter of December 10, 1919, which says: " We acknowledge your letter of the 9th inst. and in reply wish to say that we are pressing the Brooklyn Galv. & Mfg. Co. for delivery of the Steel Sheets in question." As I read these letters, they constitute a sufficiently definite contract to meet the requirements of the Statute of Frauds.*

Upon the papers here presented the plaintiff may have difficulty in proving that Brushaber & Co., Inc., was the agent for the Brooklyn Galvanizing and Manufacturing Company. The motion to

---

* See Pers. Prop. Law, § 85, as added by Laws of 1911, chap. 571.— [REP.

dismiss the complaint does not reach that question, which must be left to the trial for determination.

It follows that the judgment and order appealed from should be reversed, with costs, and the motion denied, with ten dollars costs.

CLARKE, P. J., MERRELL, FINCH and MARTIN, JJ., concur.

Judgment and order reversed, with costs and motion denied, with ten dollars costs.