### MATHERSON v. BELDEN.

(Supreme Court, Appellate Division, Second Department. February 19, 1897.)

1. RELEASE—CONSIDERATION—ASSIGNMENT BY PARTNER.
   An assignment by defendant to his co-partner of all his interest in a partnership contract with plaintiff is a sufficient consideration to support an agreement by plaintiff to release all claims against defendant under the contract on the dissolution of the firm.

2. ACCOUNT—ISSUE OF FACT.
   The question whether plaintiff agreed to release defendant from liability under a contract, on the assignment of his interest therein to his co-partner, so as to relieve him of the obligation to account, is an issue of fact, on which defendant is entitled to a finding.

Appeal from special term, New York county.

Transferred from the First department.

Action by Stephen Matherson against Henry Belden, impleaded with George W. Edwards, for an accounting. From an interlocutory judgment declaring his liability to account and final judgment for plaintiff, defendant Belden appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

John J. Crawford, for appellant.
W. H. Van Steenbergh, for respondent.

CULLEN, J. The plaintiff and defendants entered into an agreement whereby the defendants were to organize a railroad company, and make with it a contract for the construction of its road, taking the bond and stocks of the company in payment. The defendants were to construct the road, and dispose of the securities, and the

profits, whether cash, securities, or property, were to be divided between the parties, one-half to the plaintiff, and one-quarter to each of the defendants. During the progress of the work, the defendants became financially embarrassed, and disputes arose between them. These were settled by the defendant Belden assigning to his co-defendant all the former's interest in the construction contract, and thereupon the partnership existing between them was dissolved. The defendant Edwards assigned the contract to one Ingham, through whose aid the road was completed. By the settlement between Ingham and Edwards, it appears that Edwards retained $6,100 in bonds. These bonds had been received by Edwards and Belden before the dissolution. As, under the agreement, Ingham was to pay all the cost of the work, these bonds constituted the profits realized by Edwards on the contract. The plaintiff sued for an accounting and his share of the profits, alleging that the agreement was executed by the defendants as partners. The defendant answered, denying that he and Edwards entered into the agreement with the plaintiff as partners, and also denying the receipt by him of any of the securities. He further alleged his assignment to Edwards, the dissolution of the firm, and that the plaintiff agreed to look to the defendant Edwards alone for any claim he might have under the contract. On the trial, evidence was given by the appellant tending to show that before the assignment and dissolution of the firm, at a meeting between the plaintiff, Edwards, and himself, the appellant insisted that the firm should be dissolved, in which case he would have a receiver appointed, or that he would assign his interest in the contract to his co-partner, and would withdraw from the firm, and in that case the plaintiff must look to that co-partner alone for any claim he might have under the contract. The testimony of the appellant further tended to show that the plaintiff and Edwards objected to the receivership, and assented to defendant's proposal that he should assign his interest, and the plaintiff should look to Edwards alone for any liability. The plaintiff wholly denied this agreement. There was corroborative testimony on both sides. The special term filed a decision in favor of the plaintiff in the following terms:

"It is claimed by the defendant Belden that his transfer of the contract and co-partnership property to Edwards was assented to by the plaintiff, who then agreed to look to Edwards alone for the plaintiff's share in these profits, and released the defendant Belden from any liability to account to him therefor. This the plaintiff denied. I deem it unnecessary to decide the disputed question of fact as to the assent of the plaintiff to the dissolution of the firm. Such assent did not release the defendant Belden from his obligation to account for the profits theretofore made, particularly as there was no consideration for nor assent to such release of Belden by the plaintiff."

Upon the decision an interlocutory judgment was entered, directing an accounting, upon which accounting a final judgment was entered. From this judgment the defendant Belden appeals.

From this recital it appears there was a clear dispute of fact on the question whether the parties entered into the agreement claimed by the defendant. Had the trial court decided this question in favor of the plaintiff, we could not have interfered with its determi-

nation.    Even had the decision failed to mention the subject, it may be that under the rule laid down in Trustees of Amherst College v. Ritch, 151 N. Y. 282, 45 N. E. 876, we ought, in support of the judgment, to assume the fact to have been found in the plaintiff's favor.    But the decision shows affirmatively that the court has failed to pass on the question, and the appellant cannot be deprived of an adjudication upon the facts, unless the facts, if found in his favor, would be insufficient to establish a defense.

This brings us to the question whether the agreement testified to by the appellant was valid.    The learned trial court held that the agreement was without consideration, and did not release the appellant.    It is said in Parsons on Partnership (section 325):

"If, however, the creditors become parties to this agreement (to look to the continuing partners alone), for consideration, they are of course bound by it; and then they cannot sue the retiring partner. In such case something like the novation of the civil law has taken place.    A debt due from the whole firm has been discharged, and a new debt from a part of the firm has been created.    The old debt has been paid by the new one.    But there must be some consideration for the release of the retiring partner. * * * Either the retiring partner gives up something because of the assent of the creditor, or the creditor gains something in time, or in business, or in some other way."

In Lindley on Partnership (volume 1, p. 241) it is said:

"An agreement by a creditor of several persons, liable to him jointly, to discharge one or more of them, and look only to the others, is not necessarily invalid for want of consideration."

It may be that the English rule, thus cited, does not obtain here in its full force.    Early cases (Smith v. Rogers, 17 Johns. 340; Wildes v. Fessenden, 4 Metc. [Mass.] 12) seem to be opposed to the doctrine that a partner can be released without consideration.    But in the case before us the agreement claimed by the appellant, if it was entered into, rested on sufficient consideration.    He says that this agreement was made before the dissolution of the firm.    The alternatives he proposed were a receivership and his withdrawal from the firm and assignment to his co-partner.    The assignment made by the appellant was an ample consideration for his release by the plaintiff.    In fact, the agreement of his co-defendant, Edwards, to assume responsibility for the plaintiff's claim, would seem, under the later cases, to have been a sufficient consideration.

In Ludington v. Bell, 77 N. Y. 138, it was held that an individual obligation of a partner might be higher security than the obligation of the partnership, and an ample consideration for the discharge of a partner.    It was there said:

"Indeed, the additional obligation assumed by one of its debtors, by becoming responsible severally for the entire debt, would of itself render it a valid agreement.    It is not necessary there should be a benefit.    Damage or loss by one party, sustained at the request of the other, is sufficient."

This doctrine would seem to be decisive of the sufficiency of the consideration in the case before us in both aspects,—the assignment by the appellant to his co-partner, and the assumption by the co-partner of the liability.

The interlocutory and final judgments should be reversed, and a new trial granted; costs to abide the event.    All concur.