THE BOWERY BANK OF NEW YORK, Respondent, *v.* MARY E.
GERETY, as Administratrix of JOSEPH L. GERETY, Deceased,
Appellant.

1. VERDICT BY DIRECTION—FACTS FOUND.  When each party has
requested the trial court to direct a verdict, all the facts and inferences
necessary to support the judgment and which could fairly have been
derived from the proofs given must, on appeal from a judgment on a
directed verdict, be deemed found in favor of the party for whom the
verdict was directed, in the absence of a request by the other party to
have any question submitted to the jury.

2. PROMISSORY NOTE — ILLEGAL COLLATERAL SECURITY — LIABILITY OF
INDORSERS.  A loan by a bank upon an indorsed note is not affected by
the fact that the lender may have been induced by the maker or indorsers
to take further collateral security which is forbidden by some rule of pub-
lic policy; and the right to enforce the note is not lost or the indorsers dis-
charged merely because the taking of the collateral was illegal.

3. PUBLIC OFFICERS — ASSIGNMENT OF FUTURE FEES AS COLLATERAL
TO NOTE.  The remedy of a bank against the indorsers of a note dis-
counted for the maker is not impaired by the fact that the bank took as
collateral, not as a condition of the loan or as an inducement for the
indorsements but because desired by the indorsers for their security, an
assignment by the maker of future fees to accrue from the county to him
as a public officer, such as sheriff, illegal and void as against public policy.

*Bowery Bank* v. *Gerety*, 91 Hun, 539, affirmed.

(Argued June 10, 1897;  decided October 5, 1897.)

APPEAL from a judgment of the General Term of the
Supreme Court in the first judicial department, entered
December 31, 1895, which affirmed a judgment in favor of
plaintiff entered upon a verdict directed by the court.

This was an action upon a promissory note.  The facts, so
far as material, are stated in the opinion.

*Charles A. Deshon* for appellant.  Defendant's contract of
indorsement being founded upon an illegal consideration, no
action can be maintained thereon. (*S. C. Bank* v. *King*, 44
N. Y. 87;  *Arnot* v. *P. & E. C. Co.*, 68 N. Y. 558;  *B. P.
Club* v. *Greene*, 86 Hun, 20;  *Hind* v. *Chamberlain*, 6 N.

H. 225; Chitty on Cont. [11th ed.] 973; *Barton* v. *P. J. & U. F. P. R. Co.*, 17 Barb. 397; *Rose* v. *Truax*, 21 Barb. 361; *Brown* v. *Brown*, 34 Barb. 533; *Shackell* v. *Rosier*, 3 Scott, 59; *Coburn* v. *O'Dell*, 30 N. H. 540; *Deering* v. *Chapman*, 22 Me. 488; *Waite* v. *Jones*, 1 Scott, 730.)

*James M. Fisk* for respondent. The note in question given by Davidson, indorsed by Joseph L. Gerety and others, discounted by the plaintiff in good faith and for full value, is not vitiated because of the invalidity of the assignment, given as further security. (Chitty on Cont. 657; *Oneida Bank* v. *Ontario Bank*, 21 N. Y. 495; *Tracy* v. *Talmage*, 14 N. Y. 162; 3 N. Y. 19; 15 N. Y. 9; 18 N. Y. 240.)

O'BRIEN, J. The defendant's intestate was one of three indorsers upon a note made by one Davidson for $4,500, and which was discounted by the plaintiff, and the proceeds paid to the maker who was then the sheriff of the city and county of New York. The liability of the defendant as indorser upon this note is resisted, upon the ground that in September, 1885, when the note was made, the maker agreed to assign to the bank his claim against the city and county of New York, to accrue in the month of December following, for official fees and compensation as keeper of the jail and as sheriff, as collateral security for the payment of the note. That such agreement was carried out between the maker and the bank, and that the indorsement and discount of the note was part of such agreement.

When the note became due all the indorsers requested the plaintiff not to sue upon the note, but to proceed and collect the bills which the maker had assigned to it as security for the payment of the note and which were then due from the city. The bank instituted proceedings in the courts for the collection of the bills, but upon the objection of other creditors of Davidson the assignment by the sheriff to the plaintiff of such bills was held in the Second Division of this court to be void as against public policy. (*Bowery National*

*Bk.* v. *Wilson et al.,* 122 N. Y. 478.)   Failing to collect the note in that way, the plaintiff then brought suit against the indorsers.

At the close of the trial both parties moved for the direction of a verdict and the court made a direction in favor of the plaintiff.   By the request of both parties at the trial, therefore, the court was clothed with full power to determine all the facts involved in the case.   It must follow, as a necessary legal consequence from the practice adopted, that all facts and inferences necessary to support the judgment and which could fairly have been derived from the proofs given, must be deemed to be found in favor of the plaintiff.   The learned counsel for the defendant has argued the case upon a view of the facts most favorable to the indorsers, since he assumes the fact to be that the indorsers acted upon the request and inducement of the plaintiff, based upon the assignment of the bills, and such assignment was the condition and consideration upon which they became parties to the note.   The learned counsel was at liberty upon the trial to present this view to the jury, and had there been a finding in his favor there would then arise the question as to the application of certain legal principles which he has urged upon the argument.   But he did not request to have any question submitted to the jury, being content to leave the decision of both the facts and the law to the court, and as the record now stands, we think the court was justified in giving to the facts a wholly different construction.

The courts have decided that the plaintiff got no title to the sheriff's bills for the reason that such attempts to assign future fees or salaries by public officers are against public policy and void.   The plaintiff is not now claiming anything by virtue of this assignment.   It has sued the indorsers upon their contract of indorsement whereby they promised that in case the maker failed to pay the note at maturity they would, upon receiving the usual notice of dishonor.   That was a perfectly lawful contract, which was not merged in or made a part of the other contract whereby the maker undertook to

assign, as further security for the payment of the debt, certain bills against the city as keeper of the jail.

On looking into the testimony it is apparent that the plaintiff never suggested or required the assignment of those bills as a condition of the loan or as an inducement for the indorsers to become parties to the paper. The maker, who then happened to be sheriff, applied to the plaintiff for a loan and the plaintiff agreed to make it upon his note indorsed by the defendants. It asked for no other security. The assignment of the sheriff's bills was made, not because the plaintiff exacted it or asked it, but for the sole reason that the indorsers wanted it for their own security and the maker was entirely willing to give it. Whatever inducements the maker may have held out to the indorsers it is quite certain that the bank was not a party to it. The loan was made by the plaintiff upon the faith of the personal responsibility of the indorsers and not upon the faith of the assignment. All the plaintiff did was to receive the collateral security which the maker offered and the indorsers desired. That was a mere incident of the transaction and not the transaction itself, nor any material or inseparable part of it. The transaction consisted of the loan made upon the note and indorsement. The assignment was collateral and incidental. The plaintiff may discard the latter and rely upon the former. It may sue upon the note without reference to the collateral or the assignment through which it came to the plaintiff's hands. The note or the indorsement is not vitiated because of the invalidity of the assignment given as further security. The indorsers are voluntary parties to the note. They did not indorse it on the faith of any promise by the bank to relieve them by means of the collateral. They indorsed for the accommodation of the maker and not the plaintiff. The plaintiff neither procured nor requested them to indorse, but the maker did. The assignment was not the condition upon which the loan was made, but the defendant's indorsement was. The plaintiff is not now seeking any aid from the illegal assignment to recover the money which it advanced, not on the assignment, but upon the note, and

that is generally the test whether a demand in some way connected with an illegal transaction can be enforced. (Chitty on Cont. 657.)

The illegal assignment is an independent collateral thing. It is no part of the note and no part of the contract which the law implies from the presence of the indorser's name. The lender may reject and return the collateral and still have his action against the parties to the note which represents the real obligation.

Whatever of illegality may have originally infected this transaction is to be imputed to the makers and indorsers themselves and not to the plaintiff. The illegal assignment was their work and for their benefit, though the plaintiff was the innocent instrument for carrying it into effect. The right of the plaintiff to recover in this action rests upon the principle that a loan by a bank upon an indorsed note is not affected by the fact that the lender may have been induced by the maker or indorsers to take further collateral security, which is forbidden by some rule of public policy. The bank, in such a case, may not be able to collect the collateral, but it does not lose its right to enforce the note, and the indorsers are not discharged merely because the assignment of the collateral was illegal.

The principle is supported by numerous authorities, notably by the case of *Oneida Bank* v. *Ontario Bank* (21 N. Y. 490); *Bath Gas Light Co.* v. *Claffy* (151 N. Y. 24), and the cases there cited.

The judgment is right and should be affirmed.

All concur, except Gray, J., absent.

Judgment affirmed.