worth of bonds, which did not conform to the terms of the agreement, we are unable to discover any good reason why Mrs. Hotchkiss should be held to be bound by the terms or recitals of such bonds.

As all of the ingenious and subtle reasonings of counsel are based upon the theory that Mrs. Hotchkiss is bound by the terms and recitals of these bonds, it does not seem to be necessary to follow them through the elaborate briefs, and to point out the defects in each one of them. It is sufficient to say that a careful examination of all of the points suggested does not disclose error on the part of the learned court at special term. Until it can be shown that Mrs. Hotchkiss has consented to waive her rights under the original mortgage, and that all of the material conditions under which such consent was made have been complied with, it is no part of the duty of a court of equity to consider the relative rights of parties who claim under these so-called "prior lien bonds." The very nature of the bonds, and the fact that they purported to be prior lien bonds, was sufficient to call attention to the fact that they were incumbrances prior in point of time to the issue, and to impose upon purchasers, or those taking them for debts, the duty of inquiring whether the proper steps had been taken to make them in fact prior liens. Mrs. Hotchkiss, it is very certain, never intended to give the creditors of the New York & Westchester Water Company priority over her lien. The most that can be said is that she was willing, under certain conditions, to put them upon an equal footing with herself; that is, she was willing that they should, in common with herself, have prior lien bonds upon the consolidated properties of the four water companies, provided, however, that she should own a majority of such bonds, and should be permitted to have a voice in determining what portion of such minority bonds should be issued for the payment of debts and the betterment of the properties. Instead of carrying out this agreement, the New York & Westchester Water Company, while in the control of Crow, and before the trust agreement by its terms could come into force, issued a series of so-called "prior lien bonds," and this appeal seeks, practically in behalf of Crow, to overturn the judgment of the court at special term. The facts which may fairly be said to have been established by the evidence do not warrant this court in interfering with the judgment.

The judgment appealed from should be affirmed, with costs. All concur.

---

(68 App. Div. 193.)

### WINTER v. WILLIAMSBURGH SAV. BANK.

(Supreme Court, Appellate Division, Second Department. January 17, 1902.)

1. TRIAL—MOTION TO SUBMIT—WAIVER.

> Where, at the close of trial, the defendant moved for a verdict, and the plaintiff asked to go to the jury on the facts, but, after this was denied. moved for a verdict, this action was a waiver of the motion to submit, authorizing the court to find the facts.

2. BANKING—DEPOSITS—PAYMENT.

Where a bank deposit book stated that all payments made to persons producing the book should be deemed valid as to depositors, who alone were responsible for the safe-keeping of their books; that no withdrawal would be allowed without the book, and the book was the order of withdrawal; and plaintiff testified that a few days after she received the book she allowed her husband to take possession of it, and, on his afterwards telling her that he lost it, she gave no notice to the bank; and orders signed, or purporting to be signed, by her were produced, together with the book, at the time disputed payments were made,—there was nothing in the circumstances to put the bank on notice requiring it to exercise more diligence regarding such payments than in cases where only the book was produced.

Appeal from Kings county court.

Action by S. Agnes Winter against the Williamsburgh Savings Bank. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

William O. Miles, for appellant.

G. S. Espenscheid, for respondent.

GOODRICH, P. J. The plaintiff sues to recover an alleged balance of money deposited by her in the defendant bank. The defendant alleges that the money has all been paid to the plaintiff in accordance with the rules of the bank contained in the plaintiff's deposit book. One of these rules is as follows:

"All payments made to persons producing the deposit book, whether with or without an order or letter of attorney, purporting to be signed by the depositor, shall be deemed good and valid payments to depositors, respectively, and discharge the bank therefrom. Depositors alone are responsible for the safe-keeping of their books and the proper withdrawal of money. No withdrawal will be allowed without the book, and the book is the order of withdrawal."

The deposit book shows deposits and withdrawals as follows:

Dr. 1895.

| | | | |
|---|---|---|---|
| July 18 | | $795. | |
| 19 | | 100. | |
| 1896. Interest | | .12 | 895.12 |

Cr. 1895.

| | | | |
|---|---|---|---|
| July 18. | Two hundred D | 200. | |
| Aug. 3. | One hundred D | 100. | |
| " 13. | Two hundred D | 200. | |
| Sep. 5. | Two hundred D | 200. | |
| Oct. 18. | One hundred & fifty D | 150. | |
| Dec. 3. | Forty D | 40. | |
| 1896. | | | |
| June 29. | Five $^{12}/_{100}$ D | 5.12 | |
| | | 895.12 | |

The plaintiff admits that she has been paid $355.12; i. e., $200 July 18th, $100 August 3d, and $5.12 June 29th, and $50 of the $150 order of October 18th. She sues for the balance of $540. At the close of the trial the defendant moved for the direction of a verdict in its favor. The plaintiff asked to go to the jury on all

the facts in the case,—on the question whether the bank and its officials exercised due care in the discharge of their duties, etc.,—and, this being denied, moved for the direction of a verdict in her favor. The latter motion was a waiver of her motion to submit, and consequently the court was authorized to find the facts, and, if there was any evidence to sustain its findings, they were conclusive upon the parties. Reynolds v. Miller, 79 Hun, 113, 29 N. Y. Supp. 405, affirmed in 151 N. Y. 624, 45 N. E. 1134, on the opinion below; Lazare v. Allen, 20 App. Div. 616, 47 N. Y. Supp. 340.

In Bank v. Gerety, 153 N. Y. 411, 47 N. E. 793, it was said (page 413, 153 N. Y., and page 793, 47 N. E.):

"At the close of the trial both parties moved for the direction of a verdict, and the court made a direction in favor of the plaintiff. By the request of both parties at the trial, therefore, the court was clothed with full power to determine all the facts involved in the case. It must follow, as a necessary legal consequence from the practice adopted, that all facts and inferences necessary to support the judgment, and which could fairly have been derived from the proofs given, must be deemed to be found in favor of the plaintiff."

The contract between the parties expressed in the rule above quoted justified the bank's payment of the money to a person producing the deposit book without any depositor's order for such payment. The plaintiff admitted that on July 18th she personally drew out $200. She testified that her next draft was for $50, on October 18th, and that this draft was raised to $150 by Smith, who was then her husband. She also admitted the draft of $100, on August 3d, for reasons not necessary to be stated. She also testified that three days after she received the deposit book Mr. Smith (whom she married three weeks afterward) called upon her, took the deposit book, and walked out of the house with it; that two days afterward he told her that he had lost it. She gave no notice to the bank of these facts. The fair deduction from her testimony is that she permitted Smith to take the book without serious objection, and thereby put it in his power to present the same to the bank.

But, inasmuch as orders signed or purporting to be signed by the plaintiff were produced to the bank with the book at the time the disputed payments were made, the question arises whether, taking the view of the evidence most favorable to the defendant, there was anything in it or in the attendant circumstances to put the bank on such notice as to require it to exercise diligence other than such as would have been required by its rule in cases where only the deposit book was produced. We think not.

We find no reversible error, and the judgment should be affirmed.

Judgment affirmed, with costs. All concur.