(89 App. Div. 319.)

DAVIS v. TRUE et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1903.)

1. APPEAL—DIRECTED VERDICT—SUPPORT BY INFERENCE.
    Where each party has requested the court to direct a verdict, all the facts and inferences necessary to support the judgment, and which could fairly have been derived from the proofs given, must, on appeal, be deemed to have been found in favor of the party for whom the verdict was directed, in the absence of a request by the other party to have any question submitted to the jury.

2. BROKERS—COMMISSIONS—SUBSTITUTED COMPENSATION.
    Where a real estate broker agreed with a prospective tenant to execute a receipt in full for his commissions, in order to enable the tenant to procure the lease, and to accept from the tenant stock and bonds of a corporation which the tenant was to organize in payment for his commissions, but refused to carry out such agreement, he could not, irrespective of the question of novation, recover his commissions from his principal.

3. SAME—TENDER OF SUBSTITUTED COMPENSATION—MATERIALITY.
    Whether a sufficient tender of stocks and bonds, which a real estate broker agreed to accept in lieu of commissions, was made, was immaterial in an action for the commissions, where the broker, through his attorney, declined absolutely to accept the stock and bonds, and made no prefense that he had ever intended to comply with his agreement.

4. SAME—ESCROW—CONDITIONS—EFFECT ON STRANGER.
    Where lessors were induced to execute a lease to a tenant procured by the lessor's broker on receiving the broker's receipt for his commissions from the tenant, any agreement between the broker and the tenant as to the use of receipt, made without the knowledge or consent of the lessors, would not affect their rights under the receipt.

Appeal from Trial Term, Westchester County.

Action by Jennie B. Davis against Clarence F. True and Herbert H. True. From a judgment for defendants, and from an order denying a new trial, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Headley M. Greene, for appellant.

J. C. Thomson (Henry G. Atwater, on the brief), for respondents.

HIRSCHBERG, J. The plaintiff, as the assignee of the claim of C. Herbert Diamond, sues to recover $1,660 as real estate broker's commissions for renting to Mrs. Judith Whittier the building owned or controlled by the defendants known as the "Hotel Ramon," on West Fifty-Seventh street in the borough of Manhattan. The evidence establishes the fact that Mrs. Whittier was introduced to the defendants as a prospective tenant by Diamond, and that the negotiations for the lease were successfully carried on and concluded through his agency. The agreed annual rental was the sum of $16,000, and the defendants required a cash payment of $3,000 on account at the time of making the lease. Mrs. Whittier was unable to pay that amount in cash, and it was finally agreed between her and the defendants that, if she would procure for them Diamond's receipt for $1,660, the amount of his commissions, they would accept that receipt as the equivalent of that amount of cash. This arrangement was made with Diamond's knowledge and approval, and in accordance with it the lease was executed on February 11, 1902, to take effect on March 1st following. Diamond duly executed and delivered to Mrs. Whittier the receipt as agreed upon, and it was turned over to the defendants by her attorney as so much of the $3,000 cash payment. It is dated February 17, 1902, and is an unqualified acknowledgment by Diamond of the receipt from the defendants of the $1,660 commissions for the leasing of the hotel, to recover which this action is brought. It appears, however, that Mrs. Whittier contemplated the formation of a corporation on the basis of the lease, and as a part of a separate arrangement between her and Diamond had procured his subscription to some of the bonds and stock to be issued. On the same day that she obtained from him his receipt for the commissions she gave him her receipt acknowledging that he had paid her the sum of $1,700 "in payment of seventeen (17) first mortgage bonds of one hundred ($100) dollars each, and also preferred stock of the par value of three hundred and forty ($340) dollars of the proposed Ramon Hotel Company." This receipt further recited that the company was to be formed in accordance with the terms stated in a prospectus dated February 13, 1902; that the bonds and stocks were to be delivered on or before March 15, 1902; and that, if not delivered by said date, Mrs. Whittier would repay Diamond the $1,700. On the same day Diamond also received from Mrs. Whittier's attorney a receipt, signed by the latter, acknowledging that said attorney had possession of the receipt for the $1,660 commissions hereinbefore referred to; and agreeing with reference to it that such receipt "is to be held by me in escrow, and is not to be delivered to the said

True or to any one else, nor is it to be a valid instrument, until the said Diamond or his assigns shall have received the seventeen (17) first mortgage bonds also the preferred stock of the par value of three hundred and forty (340) dollars of the Ramon Hotel Company, issued in accordance with the prospectus of said company under date of February 13th, 1902, and more fully described in a certain receipt acknowledging the payment of $1,700.00 from the said Diamond by Mrs. Judith Whittier in behalf of the said company under date of February 17th, 1902. It is agreed to, however, that upon the delivery of the said bonds and preferred stock to the said Diamond or his assigns, I am hereby authorized to and directed to deliver the receipt hereinbefore first mentioned to the said Messrs. True and that the same is to be valid thereafter."

At the close of the case each side moved for the direction of a verdict, and the judgment from which the appeal is taken was entered on a verdict directed by the court in favor of the defendants. The appellant claims that under the circumstances he is entitled to the most favorable inferences deducible from the evidence, and that all contested facts are to be treated as established in his favor. The authorities cited by the appellant in support of that proposition are only applicable to a case where the defeated party claims the right to submit the issues to the jury for its determination. Where, however, each party has requested the trial court to direct a verdict, all the facts and inferences necessary to support the judgment, and which could fairly have been derived from the proofs given, must, on appeal, be deemed to have been found in favor of the party for whom the verdict was directed, in the absence of a request by the other party to have any question submitted to the jury. Bowery Bank v. Gerety, 153 N. Y. 411, 413, 47 N. E. 793. See, also, Westervelt v. Phelps, 171 N. Y. 212, 63 N. E. 962, and Beach v. Supreme Tent, 74 App. Div. 527, 530, 77 N. Y. Supp. 770.

The findings which the evidence will justify amply support the judgment. Mrs. Whittier's attorney testified that he informed Diamond, in substance, that the only way she could secure the lease was by an arrangement through which she could use his receipt for the commissions as money with which to make the first cash payment, and that Diamond fully agreed to the arrangement if the attorney could put the plan through. Having secured the defendants' consent, the attorney duly notified Diamond of the fact, and at the same time informed him that Mrs. Whittier intended to organize a corporation to conduct the hotel, and that she proposed to issue bonds in that connection. The defendant Clarence F. True testified that the agreement was that Mrs. Whittier should settle with Diamond, and that he would accept Diamond's receipt as money; and Mrs. Whittier testified that Diamond expressly agreed with her that she should be held for the commissions and the defendants relieved from all liability on account of them. There is nothing in the qualified denial of Diamond to overcome this evidence. He gave a receipt which he knew was intended to be used in order to enable Mrs. Whittier to procure the lease, and he knew that until she had the lease she could not form the company or issue bonds. Doubtless the bonds

and stock for which he subscribed were intended to furnish the payment for his commissions, but that was a matter entirely between him and Mrs. Whittier, and was never brought in any way to the knowledge of the defendants. A letter was, indeed, procured by Diamond, dated February 19, 1902, which he claims to have mailed to the defendants, notifying them that the receipt which he had given for the commissions was only delivered in escrow. Neither of the defendants could recall such a letter, and, as it is dated on the same day as the assignment to the plaintiff of the claim for commissions, and contains the statement that "you [the defendants] are still responsible to me [Diamond] for the entire commission," the sending of it two days after the giving of the receipt seems somewhat peculiar. On the whole evidence a finding could well be sustained that the broker agreed that the lease might be delivered by the defendants free from any liability on their part for his commissions, and that he would look to the tenant alone for the payment, and that the arrangement to place the receipt in escrow was an afterthought, to which the defendants were neither directly nor indirectly made parties. However that may be, it is quite clear that the defendants were entitled to a verdict because the plaintiff and her assignor, Diamond, absolutely refused to carry out the agreement made with Mrs. Whittier to accept bonds and stock of the hotel company in payment. The company was duly formed, and the bonds issued and tendered to both Diamond and his attorney on or before the 15th day of March, 1902, and they were refused. The ground of refusal was that the tender was too late, and that it should have been made on March 1st, but, as has been seen, the 15th was the date named in Mrs. Whittier's receipt, and there is absolutely no evidence to the contrary. Some criticism is made as to the form and sufficiency of the tender, but the objection is unavailing, as the plaintiff's attorney testified that he informed the attorney for Mrs. Whittier when he called in relation to the bonds about the 14th or 15th of March that he "declined to accept them both on behalf of the plaintiff and the plaintiff's assignor." Indeed, there was no pretense on the part of the plaintiff's assignor that he ever intended to comply with his agreement, there being a distinct suggestion in his letter of February 19, 1902, that he might not accept the bonds and stock which he had agreed to take when they should be tendered to him by Mrs. Whittier. Under such circumstances the intention not to comply with the agreement or to receive the property has been held to obviate the need of a tender. Cornwell v. Haight, 21 N. Y. 462, 465; Hayner v. The American Popular Life Ins. Co., 69 N. Y. 435, 439; Shaw v. Republic Life Ins. Co., Id. 286, 292; Stokes v. Mackay, 147 N. Y. 223, 235, 41 N. E. 496. As the plaintiff and her assignor have refused to abide by the agreement, it is unnecessary to determine what effect might have otherwise been given to the circumstance that Mrs. Whittier's attorney apparently delivered to the defendants the receipt for the commissions in open defiance of the terms of the escrow receipt. The rights and liabilities of the parties now before the court are not influenced thereby. The defendants were induced to part with the lease upon the delivery of the receipt innocently and in good faith, and whatever agreement

was made in relation to the matter by which the effect of the receipt was to be qualified was not made with their knowledge or consent, or by any one acting in their behalf. The judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur.